762 A.2d 707 (2000)
335 N.J. Super. 447
STATE of New Jersey, Plaintiff-Respondent,
v.
Joan MARTIN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted November 28, 2000.
Decided December 14, 2000.
*708 Greggory M. Marootian, Livingston, for appellant.
Glenn Berman, Middlesex County Prosecutor, for respondent (John N. Shaughnessy, Assistant Prosecutor, of counsel and on the brief).
Before Judges PRESSLER, KESTIN and ALLEY.
The opinion of the court was delivered by KESTIN, J.A.D.
Defendant was charged with violating N.J.S.A. 39:3-40, driving with a suspended driver's license; and N.J.S.A. 39:3-29, failure to have driver's credentials in her possession. The August 4, 1998 verbatim record in the South Brunswick Municipal Court discloses that, after representations from counsel for both the State and defendant, the court regarded a plea of guilty to the first charge to have been entered, and proceeded to "merge" the second charge into it. Defendant was then sentenced, as mandatory upon conviction for a third offense, N.J.S.A. 39:3-40c, to a ten-day jail term and a $1,000 fine. The trial court provided that the jail term would be served on work release and that the fine would be discharged on a payment plan ordered by the court. Costs in the amount of $30 were also assessed.
On October 1, 1998, defendant moved in the municipal court to vacate the guilty plea and for other relief including the suppression *709 of evidence. The motion to vacate was denied after oral argument on April 13, 1999. The court ordered defendant to begin serving her jail term on May 14, 1999, unless defendant filed an appeal with the Law Division from that denial, in which event the jail term would be stayed.
On May 13, 1999, defendant filed a motion in the Law Division to enlarge the time to appeal beyond the twenty-day time period provided by R. 3:23-2. The motion was returnable on June 1, 1999, and oral argument was heard on that date from counsel for defendant alone. The motion was denied in an order entered on June 9. On June 1, however, the Law Division judge had stayed the jail term for an additional thirty days in recognition of defendant's expressed intention to apply to the municipal court for post-conviction relief based, presumably, on prior counsel's assertedly inadequate representation and the substantive issues raised.
This appeal followed instead by a notice of appeal filed on June 29. On August 9, 1999, an order was entered in the South Brunswick Municipal Court staying the sentence pending the outcome of this appeal.
On appeal, defendant raises a single issue: that the Law Division misapplied its discretion "in denying Martin a right to file an appeal out of time in light of her lack of notice of her appellate rights." We reverse and remand for this and other reasons.
The State, sua sponte, concedes one of those other reasons. In accepting and entering defendant's guilty plea, the municipal court judge elicited no factual basis as is required by R. 7:6-2(a)(1). See State v. Gale, 226 N.J.Super. 699, 545 A.2d 279 (Law Div.1988). In fact, until the terms of the work release aspect of the sentence were discussed, the court did not address defendant at all. Thus, there was no opportunity for defendant to depict the following scenario as her version of the circumstances of her arrest, which she sets forth in her brief on appeal:
Martin, a[n] African[-]American [f]emale,... was standing by her car near her house when she was approached by a South Brunswick Police Officer. The Officer told her that they were investigating a report of a stolen green Honda Accord. Martin told the Officer she was Joan (Martin) after the Officer indicated that the Honda she was standing next to, was registered to Joan Martin who had a suspended New Jersey driver's license. Martin's arrest followed.
According to this version, defendant was not operating the vehicle at the time. Manifestly, if these facts had been recounted to the trial court as a circumstantial predicate for defendant's plea, there would have been no factual basis to sustain a charge of driving with a suspended license. The error grounded on this account, however, is only alluded to by defendant in the context of the one issue she raises on appeal. We also note in this connection that the summonses which were issued describe the location of the offenses as "S/B RTE 27/DELAR", which we take to denote southbound Route 27 at a particular location, an indication that the issuing police officer may have thought defendant was operating the motor vehicle at the time. Nevertheless, that recitation alone provided no adequate basis upon which to adjudicate guilt.
We also regard the structure of the disposition in municipal court to have been defective. It is inappropriate to order merger of one charged offense to which no plea of guilty has been entered with another in respect of which a guilty plea has been entered. Merger occurs, not of charges but rather of convictions, when there are two or more convictions which, by the standards of State v. Dillihay, 127 N.J. 42, 601 A.2d 1149 (1992) and State v. Gonzalez, 123 N.J. 462, 588 A.2d 816 (1991), must be treated as one for the purposes of sentencing.
Finally, we come to the issue which defendant does raise directly: that in disposing *710 of the matter the municipal court judge did not advise defendant of her right to appeal and the time requirements for doing so. The verbatim record verifies that this lapse occurred. The only point at which appeal was mentioned at all in the municipal court was near the close of the proceedings on defendant's motion to withdraw her plea when the trial judge indicated he would stay the sentence pending defendant's appeal of his order denying the relief sought on that occasion.
The then-articulated basis for the motion to vacate the guilty plea was advanced by defendant's newly retained counsel at the time. He argued that defendant
should have went to trial on this matter. She had nothing to lose. But an issue of operation and also an issue of why the officer stopped her is a big issue that shouldwas not addressed at the previous hearing. And under those circumstances, I think it would be injustice for her to be committed to the Work House for something that possibly the State couldn't prove at the time.
Neither the procedural flaw emphasized by plaintiff in this appeal, nor any of the others we discern, was mentioned to the municipal court at argument on the motion to vacate the guilty plea, although plaintiff herself alluded to her lack of knowledge of the jail term provided for a third offender. The municipal court judge denied the motion to vacate the plea, inter alia, on the ground that defendant had been represented by counsel at the plea/sentencing proceeding and could not be deemed to have been coerced or misled.
With respect to the issue plaintiff subsumes in this appeal, the omission to advise defendant with regard to her right to appeal and the applicable time frame was another departure from fundamental requirements, the dictates of the Rules of Court, and common practice that should not have occurred. See R. 7:14-1(c); cf. R.3:21-4(h).
The errors of the municipal court could not be addressed or ameliorated except by granting defendant's motion for leave to appeal out of time. Given the quality and scope of the errors committed by the municipal court and the fact that the motion before the Law Division was made only ten days after the time for appeal had expired, we regard the Law Division's declination to grant defendant the latitude she sought to have been a misapplication of discretion. The record contains no indication that the almost ten months that had passed since the plea proceeding was attributable to defendant. We note that the Law Division judge in denying defendant's motion for leave to appeal out of time stated no reason for that ruling, either on the record or in writing.
Although the only issue directly before us in this appeal is the correctness of the Law Division's disposition of defendant's motion for leave to appeal out of time, we regard the errors made in the municipal court to be so clear and so fundamentally flawed as to require, beyond question, that the judgment of conviction entered therein be vacated and the matter remanded for a new trial. We so order. See R. 2:10-5.
Reversed and remanded to the South Brunswick Municipal Court.