**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1503-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GREGORY KAROL,

     Defendant-Appellant.

_____

Submitted October 18, 2018 – Decided November 1, 2018

Before Judges Simonelli and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Municipal Appeal No. 18-17.

The Hernandez Law Firm, PC, attorneys for appellant (Thomas M. Cannavo, of counsel and on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Gregory Karol appeals from the October 31, 2017 Law Division order, which denied his motion for an order for a discovery violation and his petition for post-conviction relief (PCR). On appeal, defendant raises the following contentions:

POINT I

THE LAW DIVISION ERRED IN FAILING TO FIND A DISCOVERY VIOLATION. THE DESTRUCTION OR LOSS OF DEFENDANT'S FILE BY THE PROSECUTION IN VIOLATION OF LAW [VIOLATED] [RULE] 7:7-7. THUS, THIS COURT SHOULD DE NOVO IMPOSE A NEGATIVE INFERENCE AGAINST THE STATE IN DECIDING THE [PCR] MOTION.

POINT II

IN THE CONTEXT OF THIS CASE, DEFENDANT ESTABLISHED SUFFICIENT EXCUSABLE NEGLECT TO RELAX THE FIVE-YEAR TIME BAR PURSUANT TO [RULE 7:10-2(b)(2).]

POINT III

THIS COURT SHOULD DE NOVO RULE THAT DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF PLEA COUNSEL, GIVEN THE DEFICIENT PERFORMANCE AND PREJUDICE. THUS, CONVICTION SHOULD BE VACATED AND THE MATTER REMANDED FOR PROPER DISPOSITION[.]

We reject these contentions and affirm.

On February 7, 2010, defendant was charged with driving while intoxicated (DWI), N.J.S.A. 39:4-50; driving while license suspended, N.J.S.A. 39:3-40; consumption of alcoholic beverage while in a motor vehicle, N.J.S.A. 39:4-51a; driving out of a marked lane, N.J.S.A. 39:4-88b; careless driving, N.J.S.A. 39:4-97; and failure to report an accident, N.J.S.A. 39:4-130.

Represented by counsel, on June 28, 2010, defendant appeared before the municipal court and agreed to plead guilty to DWI. Prior to taking defendant's plea, the municipal court judge advised him of the enhanced penalties he faced as a third offender due to two prior DWI convictions. The judge also noted there was evidence that defendant had a blood alcohol content (BAC) of .23%. Defendant then pled guilty to DWI, gave an adequate factual basis for his plea, and testified his plea was voluntary and not forced or coerced. The judge accepted defendant's plea, sentenced him as a third offender in accordance with N.J.S.A. 39:4-50(a)(3), and dismissed the remaining charges. Plea counsel later successfully moved for defendant to serve ninety days of his mandatory 180-day jail term in an out-patient alcohol treatment program.

In July 2016, defendant consulted an attorney regarding filing a PCR petition; however, his time to file had expired on June 28, 2015. The attorney

requested discovery from plea counsel, the municipal court and municipal prosecutor, and the State Police. Plea counsel responded that defendant's case file was destroyed in Hurricane Sandy, and the State Police responded that the case file was destroyed pursuant to its six-year retention and destruction policy. The municipal court provided some limited discovery, including the summonses for DWI and driving while suspended, and the Alcotest Tolerance Worksheet, which showed defendant's BAC was .23%. The municipal prosecutor responded that the case file was either lost or destroyed.

On January 20, 2017, defendant filed a motion in the municipal court to compel discovery. Nearly seven years after imposition of sentence, in April 2017, defendant filed a motion for an order for a discovery violation based on the municipal prosecutor's destruction or loss of the case file. Defendant argued the municipal prosecutor's conduct warranted an adverse inference against the State because the failure to retain the case file was contrary to the State of New Jersey Division of Archives and Records Management (DARM) Guidelines, which require municipal prosecutors to retain case files for fifteen years. See Div. of Archives & Records Mgmt., Municipal Prosecutor's Office, Records Retention & Disposition Schedule (3/18/1999), http://www.state.nj.us/state/darm/links/pdf/m170000.pdf (Municipal

Prosecutor's Case File, including Drinking Driving Report, Alcohol Influence Report, discovery documents, and court complaints, pleadings and decision - 15 years); see also N.J.A.C. 15:3-2.1 (setting standards for retention and destruction of public records).

Also in April 2017, defendant filed a motion to vacate his guilty plea under Rule 7:6-2(b), and a PCR petition under Rule 7:10-2(b)(2), both based on the State's discovery violation and the ineffective assistance of plea counsel. Defendant certified that: (1) plea counsel did not review discovery with him or discuss defenses; (2) defendant was previously informed he would be sentenced as a second DWI offender if he pled guilty, but learned on the day of trial he would be subject to mandatory third or subsequent DWI penalties; and (3) because of the harsh mandatory third-offender penalties, he wanted to go to trial and contest the charges, but plea counsel advised him to plead guilty instead.

Notably, defendant did not certify he was innocent of DWI or that the BAC of .23% was wrong. Nevertheless, he argued that but for plea counsel's deficiencies, he would not have pled guilty and would have gone to trial. He also argued there was excusable neglect to relax the five-year time bar under Rule 7:10-2(b)(2) based on the State's discovery violation and plea counsel's deficiencies.

In a June 26, 2017 order and oral opinion, the municipal court judge denied the motions and PCR petition[1]. The judge found the PCR petition was untimely and defendant failed to show excusable neglect to relax the five-year time bar. The judge also determined the PCR petition was substantively without merit. The judge rejected defendant's certification, as it contradicted his sworn testimony on June 28, 2010, where he gave a factual basis for his plea and confirmed his plea was voluntary and not forced or coerced.

Defendant appealed to the Law Division. In an October 31, 2017, oral opinion, the Law Division judge denied the motions and PCR petition.[2] The judge first held defendant was not entitled to an adverse inference for the State's discovery violation. The judge then held defendant's PCR petition was untimely and defendant failed to show excusable neglect to relax the five-year time bar. The judge also found the petition was substantively without merit. The judge determined defendant was aware he would be sentenced as a third offender prior to pleading guilty, defendant pled guilty under oath and gave an adequate factual

---

[1] This was the same municipal court judge who took defendant's guilty plea and sentenced him on June 28, 2010.

[2] Defendant did not address the denial of his motion to vacate his guilty plea in his merits brief. Thus, the issue is deemed waived. Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:62- 2 (2019).

basis for his plea, defendant testified the plea was voluntary and not coerced, and defendant never complained to the municipal court judge about plea counsel or insisted on going to trial.  This appeal followed.

On appeal from a municipal court to the Law Division, the review is de novo on the record.  R. 3:23-8(a)(2).  The Law Division judge must make independent findings of fact and conclusions of law but defers to the municipal court's credibility findings.  State v. Robinson, 228 N.J. 138, 147 (2017).  Unlike the Law Division, we do not independently access the evidence.  State v. Locurto, 157 N.J. 463, 471 (1999).  The rule of deference is more compelling where, such as here, the municipal and Law Division judges made concurrent findings.  Id. at 474.  "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error."  Ibid.  (citation omitted).  "Therefore, appellate review of the factual and credibility findings of the municipal court and Law Division 'is exceedingly narrow.'"  State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470).

We first address defendant's argument in Point II that the State's discovery violation and the ineffective assistance of plea counsel constitute sufficient

excusable neglect to warrant relaxation of the five-year time bar under Rule 7:10-2(b)(2).[3]

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)). However, where no evidentiary hearing was conducted, we "may review the factual inferences the court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). Applying these standards, we discern no reason to reverse the denial of defendant's PCR petition.

A PCR petition filed in the municipal court, other than one to correct an illegal sentence, "shall not be accepted for filing more than five years after entry of the judgment or imposition of sentence sought to be attacked, unless it alleges

---

[3] We reject defendant's additional argument that the relaxed standard for the five-year bar and excusable neglect set forth in State v. Laurick, 120 N.J. 1 (1990), should apply to ineffective assistance of counsel claims. Laurick does not apply here. In addition, we decline to address defendant's additional argument that because he was not advised of his right to appeal and the applicable time frame, the five-year bar should be relaxed under State v. Martin, 335 N.J. Super. 447 (App. Div. 2000). Defendant did not raise this argument before the municipal court or Law Division judges, and it is not jurisdictional in nature nor does it substantially implicate the public interest. Zaman v. Felton, 219 N.J. 199, 226-27 (2014).

facts showing that the delay in filing was due to defendant's excusable neglect." R. 7:10-2(b)(2). The rule governing PCR petitions in municipal court is virtually identical to the rule governing PCR petitions in Superior Court, therefore, the cases interpreting the Superior Court rules can provide guidance to such motions in municipal court.

"The five-year time limit is not absolute. '[A] court may relax the time bar if the defendant alleges facts demonstrating that the delay was due to the defendant's excusable neglect or if the "interests of justice" demand it.'" State v. Milne, 178 N.J. 486, 492 (2004) (alteration in original) (quoting State v. Goodwin, 173 N.J. 583, 594 (2002)). To establish excusable neglect, the defendant must do more than "simply provid[e] a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). The defendant must allege specific facts sufficient to sustain his burden of proof. State v. Mitchell, 126 N.J. 565, 579 (1992). When determining whether a defendant establishes excusable neglect, the court will acknowledge that the longer defendant's delay in filing the petition, the greater defendant's burden in justifying the grant of post-conviction relief. State v. D.D.M., 140 N.J. 83, 101 (1995). "As time passes after conviction, the difficulties associated with a fair and accurate reassessment of the critical events

multiply."  Mitchell, 126 N.J. at 575.  "Achieving 'justice' years after the fact may be more an illusory temptation than a plausibly attainable goal when memories have dimmed . . . and evidence is lost or unattainable."  Ibid.  This is further exemplified in post-conviction proceedings in municipal court because the municipal court administrator is only required to maintain court recordings for five years.  See R. 7:8-8(a).

Here, defendant did not file his PCR petition until nearly seven years after the date of his conviction and did not demonstrate excusable neglect to warrant relaxation of the time bar.  Defendant has failed to explain how plea counsel's alleged ineffectiveness or the State's discovery violation caused or contributed to the extensive delay in filing his PCR petition.  There is simply no basis for a claim of excusable neglect, as the State's discovery violation and plea counsel alleged deficiencies had no bearing whatsoever on the untimely filing of the PCR petition.  Defendant's PCR petition was untimely, and we find no reason to relax the time bar.

We have considered defendant's remaining contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1503-17T2