**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2932-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NOEL NIEVES,

    Defendant-Appellant.

_____

        Submitted April 23, 2024 – Decided May 13, 2024

        Before Judges Sumners and Torregrossa-O'Connor.

        On appeal from the Superior Court of New Jersey, Law Division, Union County, Municipal Appeal No. 6279.

        Padovani & Capotorto, attorneys for appellant (Elizabeth A. Dietz, on the briefs).

        William A. Daniel, Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Noel Nieves, appeals the Law Division judge's dismissal of his appeal from his driving while intoxicated (DWI) conviction as untimely. Although it appears the Law Division judge's decision barring the appeal rested on a miscalculated outer filing deadline, our proper calculation under the applicable court rules nevertheless renders defendant's filing untimely. See R. 3:23-2; R. 1:3-1; R. 1:3-4; R. 1:5-6(d). Finding no basis for extension of the strict time limit, we affirm, albeit on different calculations.

I.

We glean the following relevant history from the record.[1] On August 23, 2022, after trial before the Cranford Municipal Court, defendant was convicted of DWI (a second offense), in violation of N.J.S.A. 39:4-50, refusal to submit to a breath test, in violation of N.J.S.A. 39:4-50.2, and obstructing the passage of other vehicles, in violation of N.J.S.A. 39:4-67. After sentencing defendant that same day, the court specifically advised defendant of his right to appeal, stating, "you have [twenty] days from today to appeal the judgment of the court."

On September 13, 2022, defendant mistakenly filed his notice of appeal with the Union County Superior Court, Criminal Division, which then marked

---

[1] Because this appeal raises exclusively challenge on procedural grounds, we do not recount the facts of the underlying conviction.

the appeal "Received but <u>NOT</u> Filed." The next day, the Superior Court transferred the matter to Cranford Municipal Court by transmittal sheet stamped "Received and Filed" and dated September 14, 2022. Cranford Municipal Court stamped the notice of appeal "Received" on September 14, 2022.

The Law Division judge considered arguments on May 1, 2023. The State asserted that the appeal was time barred as outside the strict twenty-day time frame set by <u>Rule</u> 3:23-2. Defendant requested relaxation of the time constraints, arguing that he filed the appeal pro se in the wrong court within the required time frame, making its proper arrival in Cranford Municipal Court late by only one day.

The Law Division judge by oral and written decision dismissed the appeal based on "statute of limitation grounds," finding defendant narrowly missed the filing deadline.[2] The judge accurately determining that the time to file the appeal commenced on August 24, 2022, he inaccurately found that the twenty days ended on September 13, 2022. The court expressly acknowledged that defendant filed in the Law Division on September 13, but found "[u]nder <u>R.</u> 1:3-4(c), the [c]ourt may not enlarge the time specified by <u>R.</u> 3:23-2, nor may the parties."

---

[2] The judge added "if I were to reach the merits of the case, I would have affirmed on the refusal . . . . I would not have upheld the driving under the influence."

A-2932-22

Finding these circumstances did not merit the expansion of the otherwise inflexible time bar "in the interest of justice," the judge determined that "[u]nder R. 3:23-2, it is the responsibility of the defendant to file his notice of appeal in the correct venue in a timely fashion. The correct venue here was the Cranford Municipal Court, and [d]efendant failed to file his notice of appeal with the clerk of that court within the statutory time limit." This appeal followed.

## II.

Defendant raises the following issue on appeal:

> Defendant should have been granted leave to file his appeal despite the untimely filing.

Defendant contends that the Law Division judge incorrectly dismissed his appeal by failing to apply Rule 1:5-6(d), which protects mistaken filers by allowing the date of the misfiling to substitute as the actual filing date upon receipt by the correct court. Defendant claims the Law Division judge therefore erred in failing to recognize the appeal as filed on September 13, the date of the errant filing in the Law Division. Defendant urged alternatively that the judge improperly failed to equitably relax the time frame under these circumstances.

The State counters that both parties and the Law Division judge incorrectly calculated September 13 to be the appeal deadline when the twenty-day appeal period in actuality ended on September 12. Thus, the State argues

4

A-2932-22

that even utilizing the additional day afforded by Rule 1:5-6(d), defendant's filing on September 14 fell out of the strict "non-enlargeable" time frame.

Calculating under the applicable rules, we find defendant's appeal out of time and decline to expand the otherwise mandatory time restrictions.

## III.

The court rules governing the time for filing municipal appeals are unambiguous, making the filing deadline in this matter equally clear. Specifically, Rule 3:23-2 directs expressly that defendants "if aggrieved by a final post-judgment order entered by a court of limited jurisdiction, shall appeal therefrom by filing a notice of appeal with the clerk of the court below within 20 days after the entry of judgment" or "the appeal shall be dismissed . . . ." Counting begins the day after "the event" from which the appeal is taken. R. 1:3-1. Rule 1:5-6(d) forgives filings "in the wrong office" and directs that

> they shall be stamped "Received but not Filed (date)" and transmitted by that office to the proper filing office and a notice shall be sent by the transmitting office to the filer of the paper advising of the transmittal. The stamped received date shall be deemed to be the date of filing.

Critically, "[n]either the parties nor the court may . . . enlarge the time frame specified by . . . R. 3:23-2 (appeals to the Law Division from judgments of conviction in courts of limited jurisdiction) . . . ." R. 1:3-4(c).

A-2932-22

Accordingly, here, <u>Rule</u> 3:23-2's twenty-day time frame for appeal began running the day after the August 23, 2022 decision of the municipal court, making the filing deadline September 12.[3] Thus, because defendant's mistaken filing in the Law Division on September 13 was itself out of time, <u>Rule</u> 1:5-6(d) provides defendant no assistance. Defendant's filing remains prohibited by <u>Rule</u> 1:3-4(c)'s compulsory time bar. While there have been exceptions to <u>Rule</u> 1:3-4(c) in very limited and compelling circumstances, <u>see</u> <u>State v. Martin</u>, 335 N.J. Super. 447 (App. Div. 2000) (expanding the time frame where the defendant was never advised of the right to appeal), none exists in defendant's sympathetic, but not uncommon, circumstances. As such, we find no basis for relief from the rules designed to strictly enforce timely filing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] September 12, 2022 did not fall on a Saturday, Sunday, or legal holiday, which affords additional days under <u>Rule</u> 1:3-1.