281 N.J. Super. 383 (1995)
657 A.2d 911
BAKHTAVER IRANI AND ASPI IRANI, PLAINTIFFS-APPELLANTS,
v.
K-MART CORPORATION, DEFENDANT-RESPONDENT, AND PLANNING BOARD OF THE BOROUGH OF CLOSTER, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued April 25, 1995.
Decided May 16, 1995.
*384 Before Judges PRESSLER, LANDAU and NEWMAN.
Parry Aftab argued the cause for appellant (Aftab & Savitt, attorneys; Ms. Aftab and Jennifer Sall Brooks, of counsel and on the brief).
Craig P. Caggiano argued the cause for respondent (Stern, Steiger, Croland, attorneys; Stuart Reiser, of counsel, and Mr. Caggiano, on the brief).
The opinion of the court was delivered by LANDAU, J.A.D.
Defendant K-Mart Corporation (K-Mart) is the assignee of a long term, periodically renewable lease for 85,000 square feet in the Closter Plaza shopping center owned by plaintiffs Bakhtaver and Aspi Irani (landlord). K-Mart wished to install a restaurant and pharmacy within the store's footprint, to replace its exterior signs, and to make certain limited parking lot changes. It also proposed to paint the facade, add trees and shrubs, install additional *385 security lighting and repair fencing. Landlord did not consent.
K-Mart applied directly to the Planning Board of the Borough of Closter for requisite site plan and variance approvals, which were granted despite landlord's jurisdictional and other objections.
Landlord filed an action in lieu of prerogative writs, later dismissed on motion by order dated September 9, 1993. The dismissal permitted it to file an amended complaint requesting declaratory relief against K-Mart "as to whether the Lease Agreement dated November 19, 1964, and modified thereafter, between plaintiffs and defendant, K-Mart Corp. required that the defendant, K-Mart Corp. obtain plaintiffs' consent to the filing of the development application that was the subject of the August 27, 1992 Resolution of the defendant, Planning Board of the Borough of Closter...." Subject to being bound by the result of the action on the amended complaint, the Planning Board was dismissed as a defendant in the "final" order of September 9, 1993.
After filing the amended complaint, landlord served interrogatories, which were answered in part, but largely objected to by K-Mart. A motion to compel answers was made returnable on June 10, 1994, shortly before the scheduled trial date of June 16. At that time the motion judge differed with the language of his earlier order and stated in "clarification" that the issue was not whether the lease permitted K-Mart to make an application to the planning board without consent, but only whether K-Mart had the right under the lease to make the alterations it desired. The judge felt that the consent issue was subsumed by this initial question, and therefore denied landlord's interrogatory motion in its entirety. He also denied landlord's request to delay the trial in order to allow time for preparation under the "clarified" interpretation of the prior order[1].
*386 Thereafter, following a trial call before the presiding judge on June 16, the matter was adjourned to June 22, 1994. A letter confirming that adjourned date was sent by K-Mart counsel. Unfortunately, on June 17, Parry Aftab, counsel for the landlord, received a notice from the court advising that trial was scheduled for July 1. She says this date was then confirmed in a telephone conversation with the assignment clerk. On June 21, Aftab faxed a copy of the June 17 notice to K-Mart's counsel, indicating that, in accordance with the notice, she would not be in court on June 22. However, K-Mart's counsel was subsequently advised by the trial judge that the parties should appear for trial the next day. It is conceded that counsel communicated this to Aftab. According to Aftab, however, she attempted to confirm this with the trial judge, but his chambers had closed for the day. A letter was then faxed to the judge and K-Mart's counsel, outlining the disparate notices and concluding:
I have taken the liberty of sending this letter to avoid wasting an unnecessary appearance should one not be required tomorrow. I will be in my office at 8:00 a.m. tomorrow should Your Honor have any questions and will appear if Your Honor so requests, notwithstanding the trial notice.
At approximately 10:30 a.m. on June 22, Aftab claims, the judge's secretary called her and asked if she would be able to appear the following day, June 23, at 1:00 p.m. This conversation allegedly can be confirmed by Aftab's associate, Ms. Jennifer Brooks. Aftab asserts that she informed the judge's secretary that she was scheduled to appear in Bankruptcy Court and therefore could not appear for trial on June 23. The secretary promised to get back to Aftab, but supposedly never called again that day. Aftab claims that she assumed this meant that the judge had received her June 21 fax.
According to the trial judge's remarks from the bench on June 22, he had directed his secretary to call Aftab at around 11:00 a.m. to inform her that trial would begin at 1:30 p.m. that day. By 1:50 p.m., Aftab had not appeared. At that point, K-Mart's counsel, Stuart Reiser, successfully moved that plaintiffs' case be dismissed with prejudice for failure to prosecute. Subsequent to the dismissal, *387 Aftab maintains, she called the judge's chambers and spoke to the law clerk. The clerk allegedly told Aftab that the case had been dismissed and that, since faxes were received at a central location rather than at the judge's office, he had just received her message of the previous day.
An order was entered on July 8, 1994, dismissing the complaint with prejudice, and repeating the earlier entered denial of landlord's motion to compel more specific answers.
Landlord appealed. We reverse both the order of dismissal and the blanket denial of each and every request for more specific interrogatory answers.

The Sanction of Dismissal with Prejudice
We review the extreme sanction of dismissal with prejudice in light of the salutary purposes of R. 1:2-4(a), its substantial range of permitted sanctions for failure to appear, and the case law interpretive of the rule. The present record discloses, at the very least, conflicting communications as to the trial date from different voices in the court system, and a timely faxed undertaking to the trial judge by Aftab that she would appear if necessary, apparently not received because of courthouse logistics until after the judge ruled.
"Since dismissal with prejudice is the ultimate sanction, it will normally be ordered only when no lesser sanction will erase the prejudice suffered by the non-delinquent party." Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 345, 476 A.2d 250 (1984). "Cases should be won or lost on their merits and not because litigants have failed to comply precisely with particular court schedules, unless such noncompliance was purposeful and no lesser remedy was available." Connors v. Sexton Studios, Inc., 270 N.J. Super. 390, 395, 637 A.2d 232 (App.Div. 1994).
Absent a factual hearing establishing the contrary, it appears to us that no purposefully contumacious conduct was manifest, nor was there any irremediable prejudice to K-Mart when the sanction *388 was entered. More importantly, there is nothing to suggest any fault contributed to by the plaintiff landlord, upon whom the ultimate sanction of dismissal with prejudice was visited.
It would be unnecessarily wasteful of time and public treasure to further prolong this matter by remanding for a factual exploration of whether imposition of a moderate penalty upon counsel would be warranted. Cf. State v. Prickett, 240 N.J. Super. 139, 147, 572 A.2d 1166 (App.Div. 1990). The dismissal with prejudice is reversed. The case should be expeditiously calendared for completion of discovery and trial.

The Discovery Issue
We turn to the blanket refusal to compel K-Mart to more completely answer any interrogatories or to produce any of the requested documents. That which most immediately strikes us is the formally unreconsidered and unappealed status of the "Order of Final Judgment", dated September 9, 1993, which dismissed the initial action in lieu of prerogative writs and permitted landlord to file for declaratory relief as to whether K-Mart was required under the lease to obtain its consent to filing the questioned development application.
We must agree with landlord's argument that there is potentially a very great difference between the simple issue whether K-Mart has the right under its lease to make renovations and changes in use of its premises, and the question of its right to seek, without landlord's consent, public agency approval for changes which might have an adverse impact upon some or all of the forty-one other tenants of the shopping center, particularly with respect to issues affecting its common use. To the extent that such rights of other tenants may be affected, and to the extent the amended complaint asserts that the lease imposes upon landlord many cost obligations, including, inter alia, real estate tax, insurance, restoration of damaged premises, and maintenance and availability of parking areas, which will be impacted by the proposed changes, the case is not solely one of K-Mart's continued *389 right to paint, erect signs, and change uses within its store. Landlord's motion to compel discovery should have been considered, as to each of the questions, in that light. Moreover, when the September 1993 order of judgment was informally reconsidered and modified to such a significant degree, landlord's request for an opportunity to challenge that last-minute ruling should have been granted before pushing the case to trial on the unanticipated, largely unpleaded theory.
We reverse the orders under review and reinstate the complaint. The matter is remanded for consideration of the motion to compel discovery in light of this opinion. Upon completion of discovery, the matter shall be set for trial expeditiously.
Reversed and remanded.
NOTES
[1] The order embodying these rulings was signed on July 1, 1994, nunc pro tunc June 10.