137 A.3d 1200

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. GAIL LAWRENCE, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 8, 2016—Decided April 8, 2016.

Before Judges LIHOTZ, FASCIALE and HIGBEE.

*Hubcity Law Group,* attorneys for appellant (*Joseph A. Bahgat,* on the briefs).

*Gurbir S. Grewal,* Acting Bergen County Prosecutor, attorney for respondent (*Elizabeth R. Rebein,* Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

LIHOTZ, P.J.A.D.

Defendant Gail Lawrence appeals from a January 29, 2013 Law Division order denying her motion for reconsideration to reinstate her municipal court appeal, dismissed for failure to timely submit a brief. For the reasons below, we reverse the dismissal, reinstate defendant's trial de novo request, and remand the matter for further proceedings.

The facts are not disputed. The Palisades Interstate Park Police Department issued defendant several summonses on December 6, 2010, December 21, 2010, and February 17, 2011,[1] citing

---

[1] Another matter involving an entirely distinct set of complaints-summonses issued to defendant by the Palisades Interstate Park Police Department is before

eleven traffic violations and issuing five criminal charges. Defendant was represented by counsel during the municipal court trial, which was conducted on two non-consecutive days.

The municipal court judge found defendant guilty of six traffic offenses, including speeding violations prohibited by Palisades Interstate Park Ordinance 413.1(b); following too closely, *N.J.S.A.* 39:4–89; failure to possess documents, *N.J.S.A.* 39:3–29; driving while suspended, *N.J.S.A.* 39:3–40; having unclear plates, *N.J.S.A.* 39:3–33; and careless driving, *N.J.S.A.* 39:4–97. Additionally, he convicted defendant of two counts of obstructing administration of the law, *N.J.S.A.* 2C:29–1(a). The judge suspended defendant's driving privileges for ninety days, imposed one year of probation, thirty days in jail as a condition of probation, and fines and penalties totaling $2,850.

On June 25, 2012, defendant, acting pro se, timely filed a notice of appeal and request for trial de novo of the municipal court convictions. In completing the standard "Notice of Municipal Court Appeal" form, defendant identified the municipal court ticket, inserted her name and address, inserted the name of her municipal court counsel (former counsel) following the line "Lawyer's Name," and completed the statement "I, Gail Lawrence, am appealing to the Superior Court from a conviction entered in the Palisades Interstate Municipal Court on July 15, 2012."

Within two weeks, defendant hired current counsel to represent her in the trial de novo. Counsel did not file a notice of appearance, but instructed defendant to be aware the scheduling notice would be sent to her because she filed the appeal. By August 6, 2012, defendant advanced approximately $3,000 to obtain the municipal court trial transcripts.

A scheduling letter set trial for October 10, 2012, and noted defendant's brief was due on September 12, 2012. However, the

---

this court. *See State v. Lawrence,* Docket No. A–3194–11. The separate appeal, involving a different incident, was listed back-to-back before the same panel and will be addressed in a separate opinion.

letter was faxed to former counsel, not defendant. When current counsel learned defendant's brief was past due, he wrote to the judge on September 20, 2012. He advised he represented defendant, who had filed the appeal herself, and explained the clerk's office erred in transmitting scheduling notices, which were not sent to defendant. Current counsel advised he was prepared to proceed to trial, requested a new trial date, and the date to file a brief. On September 27, 2012, the judge dismissed defendant's municipal appeal, without prejudice, citing only defendant's failure "to diligently pursue her appeal."

Current counsel moved to reinstate the appeal.[2] The unopposed application was supported by certifications of current counsel, defendant, former counsel, and documents explaining how court notices were not sent to defendant, who remained unaware of the imposed deadlines, and describing former counsel's efforts to rectify the confusion.

Current counsel stated when he learned notices were not sent to defendant and the brief deadline had passed, he immediately contacted the court, the individual assistant prosecutor and the Bergen County Prosecutor's office informing them of his representation. Speaking to the judge's clerk, on or about September 20, 2012, current counsel explained the mix-up and requested an extension of time to file defendant's brief. Defendant certified court personnel told her to list former counsel under "Lawyer's Name" because he represented her during the municipal court proceeding, despite clarifying she was self-represented. Former counsel stated when he received the scheduling letter he called the clerk's office on two occasions to advise he was not representing defendant. He was assured the matter would be corrected and only notified defendant when he received the order of dismissal.

On appeal, defendant argues:

---

[2] The pleadings were captioned as a motion for reconsideration of the order of dismissal. Current counsel explained he understood he could not simply refile a municipal appeal, which would be untimely, or seek appellate relief because the order was not a final judgment appealable as of right. *R.* 2:4–1.

POINT I

BECAUSE THE CLERK FAILED TO SEND DOCKETING AND HEARING NOTICES[,] AS REQUIRED BY *RULE* 3:23-4(b)[,] IT WAS ERROR TO DISMISS THE APPEAL FOR FAILURE TO PROSECUTE.

POINT II

BECAUSE THE DISMISSAL WAS NOT ATTRIBUTABLE TO [DEFENDANT], AND THERE WOULD HAVE BEEN NO PREJUDICE TO THE RESPONDENT, THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE MOTION TO REINSTATE THE APPEAL.

In our review, we recognize the deferential standard applicable to determinations for reconsideration, *Cummings v. Bahr*, 295 *N.J.Super.* 374, 384, 685 *A.*2d 60 (App.Div.1996) (reconsideration rests "within the sound discretion of the court, to be exercised in the interest of justice" (quoting *D'Atria v. D'Atria*, 242 *N.J.Super.* 392, 401, 576 *A.*2d 957 (Ch.Div.1990))); however, this matter must be viewed in the context of the substantive effect of the order denying defendant her fundamental right to appeal a municipal court conviction. *See State v. Martin*, 335 *N.J.Super.* 447, 451, 762 *A.*2d 707 (App.Div.2000) ("[T]he omission to advise defendant with regard to her right to appeal and the applicable time frame was another departure from fundamental requirements...."); *R.* 7:14-1(c).

Regarding the challenge raised in Point I, we note the uncontroverted facts described in defendant's motion set forth the confusion caused when the clerk's office assumed defendant's former counsel, listed on her notice of appeal as instructed, was representing her in the Law Division and sent all notices to him, not defendant. Even if strategies could have been employed to obviate this problem, defendant's explanation appears reasonable and further discussion of the issue is unnecessary.

■ We focus on the arguments advanced in Point II. Following our review, we conclude, under the circumstances presented, dismissal of defendant's municipal appeal and denial of the motion seeking its reinstatement represented an abuse of discretion. The orders must be vacated and the appeal reinstated.

*Rule* 7:13–1 governs appeals from municipal court convictions. The rule provides such appeals are presented in accordance with *Rules* 3:23 and 3:24. More specifically, *Rule* 3:23–2 defines the time and manner within which appeals from final judgments of municipal court actions are taken, and *Rule* 3:23–3 outlines the requirements and contents included in a notice of appeal. Once an appeal is filed, *Rule* 3:23–4 imposes the duty upon the clerk of the court to mail written notice of the hearing date "to the prosecuting attorney and the appellant, or, if the appellant is represented, the appellant's attorney." Finally, *Rule* 3:23–7 permits the court to dismiss a matter for failure to comply with *Rule* 3:23–8(b), which mandates when "questions of law are involved on the appeal or if ordered by the court," a brief must be filed.

■ Although a trial judge is authorized to dismiss a municipal appeal for failure to submit a brief, *R.* 3:23–7, *R.* 1:2–4(b), enforcement of procedural rules must always be exercised with an eye "to secure a just determination" and maintain "fairness in administration" of cases; not solely to secure a completed disposition. *R.* 1:1–2(a). Importantly, the public policy guiding the role of the judiciary demands judges decide contested matters on their merits and avoid the dismissal of actions because of inconsequential procedural deficiencies. *See State v. Farrell,* 320 *N.J.Super.* 425, 447, 727 *A.*2d 501 (App.Div.1999) ("We have been loath to sponsor the more severe sanction of dismissal because the demands of justice require adjudications on the merits to the greatest extent possible."). *See also Midland Funding LLC v. Albern,* 433 *N.J.Super.* 494, 496, 81 *A.*3d 689 (App.Div.2013) (noting the longstanding policy of "favoring the disposition of cases on their merits"); *Irani v. K–Mart Corp.,* 281 *N.J.Super.* 383, 387, 657 *A.*2d 911 (App.Div.1995) ("Cases should be won or lost on their merits and not because litigants have failed to comply precisely with particular court schedules, unless such noncompliance was purposeful and no lesser remedy was available." (quoting *Connors v. Sexton Studios, Inc.,* 270 *N.J.Super.* 390, 395, 637 *A.*2d 232 (App.Div.1994))). Ordering the ultimate sanction of dismissal

must be exercised sparingly. *Kohn's Bakery, Inc. v. Terracciano,* 147 *N.J.Super.* 582, 584–85, 371 *A.*2d 789 (App.Div.1977). This is especially true where there "has been no showing of prejudice" on part of the opposition. *Mayfield v. Cmty. Med. Assocs., P.A.,* 335 *N.J.Super.* 198, 207, 762 *A.*2d 237 (App.Div.2000).

■ We have cautioned "[n]o eagerness to expedite business, or to utilize fully the court's time, should be permitted to interfere with our high duty of administering justice in the individual case." *State v. Cullen,* 428 *N.J.Super.* 107, 113, 50 *A.*3d 686 (App.Div. 2012) (alteration in original) (quoting *Pepe v. Urban,* 11 *N.J.Super.* 385, 389, 78 *A.*2d 406 (App.Div.), *certif. denied,* 7 *N.J.* 80, 80 *A.*2d 495 (1951)). Indeed, "any rule may be relaxed or dispensed with by the court ... if adherence to it would result in an injustice." *R.* 1:1–2(a); *see also Ragusa v. Lau,* 119 *N.J.* 276, 283–84, 575 *A.*2d 8 (1990) (stating rules are promulgated to promote justice).

Here, defendant's brief was not submitted by the imposed deadline. Once current counsel learned of this lapse, he expeditiously investigated what occurred and acted to inform the court of the confusion caused when the clerk, on the mistaken belief defendant was represented, failed to send the self-represented litigant scheduling notices. Current counsel requested to file his brief out of time and related his ability to expeditiously proceed to trial. There is no evidence of bad faith or an attempt to delay the proceedings. *Irani, supra,* 281 *N.J.Super.* at 387–88, 657 *A.*2d 911. Further, there is no hint of opposition from the State, which suffered no prejudice by a short delay. *Cf. Ghandi v. Cespedes,* 390 *N.J.Super.* 193, 197, 915 *A.*2d 39 (App.Div.2007) (noting "absent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore [a complaint] under [*Rule* 1:13–7] should be viewed with great liberality.").

When entering the initial order of dismissal and the order denying reinstatement of the appeal, the motion judge included no reference to the circumstances explaining the delay as related by counsel and defendant. The judge included no factual findings, contrary to his obligations defined in *Rule* 1:7–4(a). *Curtis v.*

*Finneran,* 83 *N.J.* 563, 569–70, 417 *A.*2d 15 (1980) (observing a judge's failure to perform the factfinding duty "constitutes a disservice to the litigants, the attorneys and the appellate court" (quoting *Kenwood Assocs. v. Bd. of Adj. Englewood,* 141 *N.J.Super.* 1, 4, 357 *A.*2d 55 (App.Div.1976)))).

Current counsel correctly assessed the resulting difficulties posed were he to file a new notice of appeal, which was then beyond the twenty-day period permitted to do so. *R.* 3:23–2. Thus, the ordered dismissal without prejudice effectively denied defendant her right to challenge the merits of her conviction in a trial de novo before the Law Division. *R.* 3:23–8(a). This result is particularly egregious because she faced a "consequence of magnitude," including a possible jail sentence and license suspension. *State v. Moran,* 202 *N.J.* 311, 325, 997 *A.*2d 210 (2010). By seeking reinstatement of the appeal through a motion to reconsider dismissal, current counsel prudently proceeded to right the ship that had steered off course. The motion to reinstate fully explained why defendant's brief was not submitted and ample factual support stating the scheduling order was not sent to defendant as she, in good faith, expected. Current counsel also asserted he remained ready to proceed to trial, posing minimal disruption to the court's calendar.

Accordingly, we conclude the orders dismissing the municipal court appeal without prejudice and denying reconsideration of the dismissal erroneously barred defendant access to the court and represented an abuse of discretion. We reverse the January 29, 2013 order and the underlying September 27, 2012 order of dismissal. The matter is remanded to reinstate defendant's appeal and for a scheduling order for briefing and trial to issue. We do not retain jurisdiction.

Reversed and remanded for trial.