**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4233-16T1

SELECTIVE TRANSPORATION
CORPORATION,

    Plaintiff-Appellant,

v.

GUSSCO MANUFACTURING LLC and
SELCO INDUSTRIES, INC.,

    Defendants.

_____

DIRECT COAST TO COAST, LLC,

    Plaintiff-Appellant,

v.

GUSSCO MANUFACTURING LLC and
SELCO INDUSTRIES, INC.,

    Defendants.

_____

        Argued May 30, 2018 — Decided June 26, 2018

        Before Judges Manahan and Suter.

        On appeal from Superior Court of New Jersey,
        Law Division, Middlesex County, Docket Nos.
        L-8013-12, L-8018-12, and J-198852-13.

Ronald W. Horowitz argued the cause for appellants.

Raymond G. Chow argued the cause for respondent S.P. Richards (Breuninger & Fellman, attorneys; Susan B. Fellman, of counsel; Raymond G. Chow, on the brief).

PER CURIAM

Selective Transportation Corporation and Direct Coast to Coast, LLC (collectively, Selective) appeal from a January 20, 2017 order of the trial court quashing a subpoena duces tecum dated December 16, 2016. Selective also appeals from an April 28, 2017 order requiring non-party respondent S.P. Richards Company (SPR) to pay Selective a calculated sum of all debts owed to defendant Selco Industries, Inc. (Selco) by SPR.[1] Given the motion judge's failure to provide the requisite statement of reasons with the order per Rule 1:7-4(a), we reverse and remand. Estate of Doerfler v. Fed. Ins. Co., ___ N.J. Super. ___ (App. Div. 2018) (slip op. at 4-5).

We recite a brief summary of the underlying facts and procedural history for the purpose of context. On December 3, 2012, Selective filed a complaint in the Superior Court, Law

---

[1] Had we addressed the merits of the appeal we would have considered this argument to be abandoned. Plaintiffs have not briefed this point. Grubb v. Borough of Hightstown, 353 N.J. Super. 333, 342 n.1 (App. Div. 2002) (explaining that an issue raised in notice of appeal but not briefed is abandoned).

A-4233-16T1

Division against shippers and affiliated former customers Gussco Manufacturing, LLC (Gussco) and Selco and others for unpaid freight transportation charges. Direct Coast to Coast, LLC filed a separate action against Gussco and Selco, which was consolidated with the Selective claims by consent order on April 11, 2013. Thereafter, by consent order, Selective obtained a judgment against Selco in the amount of $229,615.35. Per the terms of the order, the judgment was stayed pending full compliance with the terms of the order, which included a payment schedule for Selco to satisfy the judgment. If Selco failed to make a full timely payment, the stay was to be deemed vacated and Selective would be able to execute the judgment and join other defendants allegedly liable for the subject freight transportation services provided by Selco.

In October 2013, Selective filed an amended complaint adding SPR as a non-party. A month later, Selco defaulted under the terms of the consent order. In December 2013, Selco filed for Chapter 11 Bankruptcy.

In an attempt to execute the judgment, Selective served an information subpoena on SPR to determine what monies SPR owed to Selco. After SPR refused to comply with the subpoena and after efforts to reach a settlement failed, SPR was dismissed from the action with prejudice by stipulation of the parties.

After Selco's bankruptcy proceeding was dismissed in 2016, Selective resumed execution proceedings of the 2013 consent order. On October 19, 2016, Selective again served SPR with an information subpoena. Due to SPR's failure to respond to the subpoena, Selective filed a motion in aid of execution. The motion was premised upon Selective's purported discovery of documents that demonstrated that the amount owed by SPR to Selco was $245,053.69. SPR eventually responded to the subpoena by stating that it currently owed Selco $10,507.43.

On December 16, 2016, the court denied the motion in aid of execution for failure to comply with Rule 6:7-2. Selective then served a subpoena duces tecum to SPR, seeking "[a]ll documents concerning Selco Industries, Inc., . . . including, but not limited to, all invoices, cancelled checks, wire transfers, purchase orders, e-mails, correspondence, and facsimiles for the last five years of business with Selco Industries, Inc." SPR moved to quash, which the court granted without a providing a statement of reasons. This appeal followed.

On appeal, Selective raises the following point:

[POINT I]

THE LOWER COURT IMPROPERLY QUASHED PLAINTIFFS'
SUBPOENA DUCES TECUM WITHOUT ANY REASON.

Selective argues the court erred in failing to attach a statement of reasons to the order quashing the subpoena, per Rule 1:7-4(a). We agree.

No one — not the parties and not this court — can properly function or proceed without some understanding of why a judge has rendered a particular ruling. The Supreme Court said in Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting Kenwood Assocs. v. Bd. of Adjustment, Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)), that the absence of an adequate expression of a trial judge's rationale "constitutes a disservice to the litigants, the attorneys and the appellate court." And this admonition has been repeated time and again. Gnall v. Gnall, 222 N.J. 414, 428 (2015); Estate of Doerfler, ___ N.J. Super. at ___; State v. Lawrence, 445 N.J. Super. 270, 276-77 (App. Div. 2016); Raspantini v. Arocho, 364 N.J. Super. 528, 533 (App. Div. 2003); In re Farnkopf, 363 N.J. Super. 382, 390 (App. Div. 2003); T.M. v. J.C., 348 N.J. Super. 101, 106-07 (App. Div. 2002). The parties and this court are entitled to the judge's reasons for entering the orders under review. We should not be put in the position of guessing or assuming what the judge might have been thinking. As Judge Fuentes said last month in Estate of Doerfler, "our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa." ___ N.J. Super. at ___.

Here, there is nothing in the order under review demonstrating indicative that the judge made an independent decision based upon an analysis of the facts and applicable law. Thus, we are constrained to remand. Given our determination, we have not addressed the merits of the substantive issues raised on appeal.

Remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4233-16T1