**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4480-17T1

CATHERINE E. CZYZ,

     Plaintiff-Appellant,

v.

BEST CHOICE MOVING, INC.,
ROMAN SAKHOROV, RICK
CASTERLINE and SHEILA
CASTERLINE, d/b/a A VILLAGE
LOCK-UP STORAGE,

     Defendants-Respondents.

_____

        Submitted December 16, 2019 – Decided January 10, 2020

        Before Judges Sumners and Natali.

        On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1157-17.

        Catherine E. Czyz, appellant pro se.

        Goldberg Segalla LLP, attorneys for respondents Rick Casterline and Sheila Casterline (Elizabeth Anne Chang, on the brief).

PER CURIAM

Plaintiff appeals from the Law Division's January 17, 2018 order dismissing its complaint against Rick and Sheila Casterline, d/b/a A Village Lock-Up Storage (Casterlines), with prejudice and a February 16, 2018 order denying reconsideration. Plaintiff also appeals an April 18, 2018 default judgment against defendants Best Choice Moving, Inc. (Best Choice) and Roman Sakhorov (Sakhorov). We vacate the January 17, 2018 and February 16, 2018 orders and remand for the court to issue findings of fact and conclusions of law in accordance with Rule 1:7-4. We affirm the April 18, 2018 order.

This appeal has its genesis in a contract plaintiff entered into with Best Choice to transport her belongings from Basking Ridge to her new residence in Ohio. According to plaintiff, when Best Choice arrived at her home, it demanded to be compensated contrary to the parties' agreement. Best Choice eventually transported a portion of plaintiff's personal items but when its driver, defendant Roman Sakhorov, arrived in Ohio a week later, plaintiff claims he demanded an additional $600 to unload the truck. Because Sakhorov refused to accept a check, and plaintiff was unable to secure $600 in cash on a weekend, Sakhorov allegedly brought plaintiff's belongings to the Casterlines' facility in Ohio where they were placed in storage.

A-4480-17T1

Plaintiff brought an action in Ohio state court against defendants. According to the Casterlines, after extensive litigation in the Ohio trial and appellate courts, plaintiff's complaint was dismissed on the merits. Three months later, however, on September 21, 2017, plaintiff filed a complaint for possession, replevin, breach of contract, and conversion of property in the Superior Court of New Jersey in Somerset County against defendants.

Plaintiff requested an entry of default against each defendant and on January 8, 2018, the Clerk entered default as to Best Choice and Sakhorov. After a proof hearing, the court issued a default judgment on April 18, 2018 against Best Choice and Sakharov for $168,774.11, plus pre-judgment interest.[1]

In lieu of an answer, the Casterlines filed a motion to dismiss in which they maintained that: 1) plaintiff failed to serve them with process properly; 2) New Jersey courts lacked personal jurisdiction over them; 3) plaintiff's claims were barred by res judicata; and 4) plaintiff's complaint otherwise failed to state a claim. Plaintiff opposed the motion and asserted that "[t]he causes of action are properly [pled] in the [c]omplaint," and she "properly filed this action in the proper venue."

---

[1] Plaintiff's request for an entry of default against the Casterlines was denied.

A-4480-17T1

At the January 17, 2018 oral argument, plaintiff argued that New Jersey was an appropriate forum because the contract with Best Choice was entered into in, and her belongings were taken from, New Jersey. She added that she raised new claims in the New Jersey action, and that the Ohio litigation was dismissed without prejudice and had no "bearing on the New Jersey case." At the conclusion of oral arguments, the court stated it would "go[] back and review [its] notes . . . [and] issue a written opinion within the next couple of days." On the same day, however, the court entered an order dismissing plaintiff's claims against the Casterlines with prejudice. That order was unaccompanied by an oral or written statement of reasons.

Thereafter, on January 25, 2018, plaintiff filed a motion for reconsideration.[2] After considering the parties' oral arguments, the court denied the motion and stated that plaintiff's application was procedurally defective because "[she] filed a motion for leave to appeal of the [January 17, 2018] decision; and on the merits, . . . [because plaintiff] brought . . . no additional facts . . . or . . . any law to light that [it] did not consider."

---

[2] While the motion for reconsideration was pending, plaintiff filed a motion for leave to appeal the January 17, 2018 order. We dismissed plaintiff's interlocutory appeal on November 14, 2018 due to her failure to file a timely conforming brief. On May 11, 2018, plaintiff filed an amended notice of appeal.

4

On appeal, plaintiff asserts that the court committed error by not entering a default judgment against the Casterlines and holding all defendants jointly and severally liable. Plaintiff further argues that the court erred by not finding venue and personal jurisdiction over the Casterlines in Somerset County. Additionally, plaintiff contends that the court committed error by finding plaintiff's claims were barred by res judicata, and by treating the Casterlines' motion to dismiss as a motion for summary judgment. Finally, plaintiff asserts that the court erred in dismissing the case for failure to state a claim, and in failing to award sanctions or strike the motion to dismiss, as the Casterlines' counsel presented false information and perpetrated a fraud.

Despite stating that it intended to "issue a written opinion within the next couple of days," the court resolved the Casterlines' motion to dismiss by way of the January 17, 2018 order. As noted, that order was not accompanied by an oral or written statement of reasons as required by Rule 1:7-4.

As we have previously stated, a reviewing court cannot properly function or proceed without some understanding of why a judge has rendered a particular ruling. The Supreme Court in Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting Kenwood Assocs. v. Bd. of Adjustment, Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)), stated that the absence of an adequate expression of a

trial judge's rationale "constitutes a disservice to the litigants, the attorneys and the appellate court." We have repeated this time and again. See, e.g., Gnall v. Gnall, 222 N.J. 414, 428 (2015); Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301-02 (App. Div. 2018); State v. Lawrence, 445 N.J. Super. 270, 276-77 (App. Div. 2016); Raspantini v. Arocho, 364 N.J. Super. 528, 533 (App. Div. 2003); In re Farnkopf, 363 N.J. Super. 382, 390 (App. Div. 2003); T.M. v. J.C., 348 N.J. Super. 101, 106-07 (App. Div. 2002).

We acknowledge the Casterlines' arguments that there are significant concerns regarding plaintiff's ability to prosecute this action in New Jersey based on jurisdictional grounds and the preclusive effect of the Ohio judgment. Plaintiff, however, maintains that New Jersey is a proper forum, she effectuated service correctly, and the Ohio litigation was dismissed without prejudice and is not barred by res judicata or related preclusive doctrines.

On the current record, we decline to guess what the court might have been thinking when it issued its January 17, 2018 order. Nor can we discern from the court's February 16, 2018 oral decision and order the bases for its determination to grant defendants' motion to dismiss. As Judge Fuentes said recently in Estate of Doerfler, "our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa." 454 N.J. Super. at 302.

A-4480-17T1

Finally, with respect to the April 18, 2018 default judgment, plaintiff maintains that the court "erred by not awarding [p]laintiff a [j]udgment against all [d]efendants, jointly and severally[,] [as] all of the [d]efendants were in default." She further claims that the court erred because it did not "assess the defendants all of the [p]laintiff's costs . . . ." We have considered plaintiff's arguments and consider them without sufficient merit to warrant discussion in a written opinion. R. 2:11–3(e)(1)(E). The court's detailed written opinion appended to its April 18, 2018 order outlines the recoverable damages and costs against Best Choice and Sakhorov and plaintiff has not cited any Rule or precedential authority supporting her conclusory claims that she is entitled to additional costs or damages. Further, the record does not support plaintiff's claims that the court should have issued a default judgment against the Casterlines.

As to the remanded proceedings, the parties shall provide the trial court with courtesy copies of their appellate briefs and appendices within ten days of this opinion and the court shall issue an appropriate amended order and findings of fact and conclusions of law thirty days thereafter. To the extent any party seeks further appellate review, they may file a supplemental brief with the

7

Appellate Division Clerk within thirty days after receiving the court's amended order and <u>Rule</u> 1:7-4 findings.

In light of our decision to remand the matter, we have not addressed the merits of the issues raised on appeal and nothing in our opinion should be construed as an expression of our views regarding the substantive claims and defenses raised by the parties.

Affirmed in part and vacated and remanded in part. We retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION