**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4259-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

COLLENE WRONKO,

    Defendant-Appellant.

_____

Submitted May 13, 2020 – Decided June 23, 2020

Before Judges Whipple and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 08-2018.

Edward Harrington Heyburn, attorney for appellant.

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Collene Wronko appeals from an April 29, 2019 order denying her motion to reinstate her appeal from a municipal court conviction. We affirm.

On November 23, 2014, defendant was arrested and charged in a summons complaint with a petty disorderly persons offense of disorderly conduct, N.J.S.A. 2C:33-2(b); and disorderly persons resisting arrest, N.J.S.A. 2C:29-2(a)(1). On December 8, 2014, the police charged defendant in a second summons complaint with disorderly persons simple assault, N.J.S.A. 2C:12-1(a)(1); petty disorderly persons harassment, N.J.S.A. 2C:33-4(c); disorderly persons obstructing the administration of law, N.J.S.A. 2C:29-1(a); and petty disorderly persons disorderly conduct, N.J.S.A. 2C:33-2(b). After a February 8, 2016 bench trial on the second complaint, defendant was acquitted of simple assault and harassment, but convicted of obstruction and disorderly conduct. She was sentenced to an aggregate ten days in jail, a year of probation, and fines and penalties.

On February 11, 2016, defendant filed an appeal in the Law Division from her obstruction and disorderly conduct convictions and moved for bail pending her appeal. Bail was set at $2500, which defendant posted on the next day.

On March 14, 2016, a bench trial on the first complaint was conducted in the North Brunswick Municipal Court. At the trial's conclusion, the judge

2

acquitted defendant of disorderly conduct, but found her guilty of resisting arrest and sentenced her to $1164 in fines and penalties. She filed an appeal in the Law Division from her resisting arrest conviction.

On May 3, 2016, the Law Division judge advised defendant's attorney that the fee for the transcript of the first municipal court trial had not been paid, and that if it was not paid within ten days, the first appeal would be dismissed. Just over three months later, on August 9, the judge dismissed both appeals without prejudice because the transcript fees were still unpaid.

Over a year later, in October 2017, defendant moved to reinstate both appeals, the judge rendered an oral opinion denying the motion.[1] A conforming order was entered by the judge on January 5, 2018.

In June 2018, defendant again appealed her obstruction and disorderly conduct convictions, certifying her failure to timely file the transcripts in the prior appeals was due to miscommunications with the municipal court and the transcription service between June 2016 and August 2016 regarding her payment. Defendant contended her last communication with the municipal court and the transcription service was August 2016, and it was not until November 2017 that she learned through her attorney the transcription service never

---

[1] Defendant has not provided the transcript of the December 22, 2017 hearing.

received defendant's check. Defendant asserted there were again miscommunications with the transcription service regarding payment until May 2018, when her attorney was finally able to pick up the transcripts. However, the Law Division judge still had not received the transcripts as of October 2018, so again dismissed the appeal without prejudice based on defendant's failure to provide the transcript of the first municipal court trial.

On October 30, 2018, defendant moved to reinstate her June 2018 appeal, supplying transcripts from municipal court proceedings on September 28, 2015, February 8, 2016, and March 14, 2016, contending the Law Division judge did not have the transcripts for the June 2018 appeal because the North Brunswick Municipal Court failed to transmit them to the Middlesex County Criminal Case Manager and the prosecutor. Her motion to reinstate was denied on April 29, 2019, with a written opinion wherein the judge concluded, after reviewing the record, that defendant failed to prosecute her appeal. The judge stated:

> The court rules allow the Law Division to dismiss an appeal for failure to prosecute. See R. 3:23-7. This rule gives the Law Division authority similar to that conferred to appellate courts by Part II of the court rules. See R. 2:8-2, R. 2:9-9. Courts should be cautious when dismissing an appeal, especially when the litigant is not at fault, and the attorney bears responsibility for noncompliance. Paxton v. Misiuk, 34 N.J. 453, 458 (1961); James v. Francesco, 61 N.J. 480 (1972) (reversing Appellate Division decision denying motion

to reinstate where defendant failed to prosecute appeal for four months). So in exercising my discretion, it is important to look at fault, not just the failure to prosecute itself.

When appropriate, a court should consider sanctioning the attorney rather than dismissing the appeal. Paxton, 34 N.J. at 458. But despite this, there are times when attorney sanctions are not enough, as is often the case where long delays result from failure to comply with the court rules, even though the litigant is blameless. See Zaccardi v. Becker, 162 N.J. Super. 329, 332-[]33 (App. Div. 1978).

Here, the delay is long, and much of it is unexplained. For example, Wronko, in her certification, never explains what happened for over a year and three months—between August 2016 and November 2017. She knew her appeal had been dismissed, and she never explains what she and her attorney were doing to remedy the problem. Unlike the cases where the litigant is blameless and courts try not to visit the sins of the attorney on the client, she knew her appeal had been dismissed. She did nothing.

But even if Wronko were blameless, I would still deny her application. The allegations against her arose in November 2014—over four years ago. The prejudice to the State's case would be patent. The officer and other witnesses would have to remember details from many years ago. That assumes these witnesses are still available. This is not a case, even assuming Wronko is blameless, where an attorney sanction would be an effective remedy.

It comes down to this: I find that Wronko failed to prosecute her appeal, which resulted in excessively long delays in perfecting it. Once she found out that

her appeal had been dismissed, she and her attorney should have worked diligently to resolve the problem. They did not. Thus, I deny her motion to reinstate.

This appeal followed. On appeal, defendant argues:

A. THE LAW DIVISION ABUSED ITS DISCRETION BY DISMISSING DEFENDANT[]'S APPEAL WHERE THE MUNICIPAL COURT CLERK FAILED TO FILE THE TRIAL TRANSCRIP[T]S WITH THE CRIMINAL DIVISION MANAGER AND THE PROSECUTOR.

Ordinarily, in our review of the Law Division's decision on a municipal appeal, "[w]e consider only the action of the Law Division and not that of the municipal court." State v. Adubato, 420 N.J. Super. 167, 175-76 (App. Div. 2011) (citation omitted). We consider "whether the findings made could reasonably have been reached on sufficient credible evidence present in the record." State v. Stas, 212 N.J. 37, 49 (2012) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)). "Unlike the Law Division, which conducts a trial de novo on the record, Rule 3:23-8(a), we do not independently assess the evidence." State v. Gibson, 429 N.J. Super. 456, 463, (App. Div. 2013) (citing Locurto, 157 N.J. at 471), rev'd on other grounds, 219 N.J. 227 (2014). Here, however, our review must be viewed in the context of the substantive effect of the order denying defendant her fundamental right to appeal a municipal court conviction. State v. Lawrence, 445 N.J. Super. 270, 274 (App. Div. 2016).

A-4259-18T2

> The rules of court are designed to expedite litigation and are intended for the equal benefit of all parties. . . . There are situations in which relief from the prescribed timetable is warranted, . . . [b]ut the discretion is to be exercised by the courts and not by the unilateral decision of counsel for one of the parties.

> Zaccardi v. Becker, 88 N.J. 245, 254 (1982) (alteration in original) (quoting Gnapinsky v. Goldyn, 23 N.J. 243, 247-48 (1957)).

Here, based on our review of the record, we discern no abuse of that discretion. The Law Division judge undertook a measured review to determine the levels of culpability for delay in order to avoid visiting the sins of the lawyer upon a blameless litigant. He rejected defendant's argument that the delay was caused by the North Brunswick Municipal Court Clerk's office's untimely transmission of the record to the Middlesex County Criminal Case Manager and the prosecutor, because defendant did not explain a fifteen-month delay between August 2016 and November 2017. The court's conclusion, that defendant was not blameless, is supported by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4259-18T2