**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1725-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STEVEN SATCH,

     Defendant-Appellant.

_____

          Submitted September 18, 2024 – Decided October 2, 2024

          Before Judges Rose and DeAlmeida.

          On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Municipal Appeal No. 07-06-23.

          Steven Satch, appellant pro se.

          Carolyn A. Murray, Acting Sussex County Prosecutor, attorney for respondent (Karen A. Lodeserto, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Steven Satch appeals pro se from a January 25, 2024 Law Division order denying his motion to reinstate his municipal appeal and the June 15, 2023 municipal court conviction for simple assault against his wife. The motion court dismissed defendant's municipal appeal for his failures to file a brief and appear for a trial de novo. The State does not oppose reinstatement of defendant's municipal appeal, but reserves its right to challenge the appeal on the merits. We reverse the January 25, 2024 order and remand for a trial de novo of the municipal conviction.

In view of our disposition, we need not recount the allegations giving rise to defendant's municipal conviction, other than to note the victim was defendant's wife and, at the conclusion of trial on June 15, 2023, the municipal judge ordered defendant to vacate the marital home. We summarize instead the pertinent procedural history.

On June 26, defendant filed a timely appeal and request for a trial de novo in the Law Division. Defendant's notice was accompanied by a two-page "Reasons for Appeal." In the ensuing scheduling notice, the court set a September 22, 2023 trial date.

Defendant failed to appear on the return date. In its oral decision, the court noted defendant ordered the transcript and filed "what might be considered

2

a . . . one or two-page brief, along with his notice of appeal." But the court found there was "no indication that the notice that was sent to him was returned in any way." The court thus dismissed defendant's appeal without prejudice for lack of prosecution. See R. 3:23-7[1] (governing dismissal of criminal appeals); R. 7:13-1 (providing municipal appeals are governed by the applicable criminal rules).

In his merits brief, defendant asserts he did not learn of the September 22 trial date until he contacted the prosecutor's office inquiring whether the State was opposing his appeal. Defendant thereafter moved to reinstate the appeal, arguing he did not receive the scheduling notice by email or regular mail. According to defendant, the Criminal Division stated it "had the correct [residential] address but wrong email [address]." Defendant posited his wife "stole the mail" as she had previously stolen other mail, including his passport. The State did not oppose defendant's motion.

In a statement of reasons accompanying the January 25, 2024 order, the court acknowledged "the courtesy copy" of the scheduling notice "sent by email" was sent to an incorrect address but "the formal regular mail notice was sent to

---

[1] The September 22, 2023 memorializing order cites Rule 1:13-7, but that rule applies to the dismissal of civil actions for lack of prosecution.

the correct address and was not returned." The court thus presumed the notice was "properly delivered and received." Noting defendant acknowledged the notice was sent to the correct residence, the court discredited defendant's explanation that his wife stole the notice. The court found defendant: provided the address on his notice of appeal; was responsible for retrieving his mail; could have reported his wife for stealing his mail; could have arranged for another mailing address or P.O. Box; and did not provide an "affirmation" from his wife that she has stolen his mail. Concluding defendant failed to demonstrate excusable neglect, the court found no basis to reinstate his municipal appeal.

Long-standing principles guide our review. The Judiciary strives to follow a policy in favor of generally deciding contested matters on their merits rather than based on procedural deficiencies. See State v. Lawrence, 445 N.J. Super. 270, 275-76 (App. Div. 2016) (citations omitted). As we observed in Lawrence, "a trial judge is authorized to dismiss a municipal appeal for failure to submit a brief." Id. at 275 (citing R. 3:23-7; R. 1:2-4(b)). But "enforcement of procedural rules must always be exercised with an eye 'to secure a just determination' and maintain 'fairness in administration' of cases; not solely to secure a completed disposition." Ibid. (quoting R. 1:1-2(a)). That is because "[c]ases should be won or lost on their merits and not because litigants have

failed to comply precisely with particular court schedules, unless such noncompliance was purposeful and no lesser remedy was available." Irani v. K-Mart Corp., 281 N.J. Super. 383, 387 (App. Div. 1995) (quoting Connors v. Sexton Studios, Inc., 270 N.J. Super. 390, 395 (App. Div. 1994)). "This is especially true where there 'has been no showing of prejudice' on part of the opposition." Lawrence, 445 N.J. Super. at 276 (quoting Mayfield v. Cmty. Med. Assocs., P.A., 335 N.J. Super. 198, 207 (App. Div. 2000)).

In its responding brief, the State candidly acknowledges defendant did not act in bad faith and it was not prejudiced by reinstatement of the appeal. We recognize defendant was ordered to vacate his residence and did not provide to the Law Division an alternate address. But notwithstanding plaintiff's failure to advise the court of his address change, our courts are committed to, among other things, fairness and quality service. We well understand the Law Division's need to control its docket and enforce its scheduling orders. Based on the circumstances presented here, however, we conclude the court mistakenly exercised its discretion in denying defendant's motion to reinstate his municipal appeal, especially in view of the State's acquiescence. Moreover, as the court acknowledged in its September 22, 2023 oral decision accompanying the

without-prejudice order, defendant had filed a brief, however perfunctory, with his notice of appeal.

We therefore vacate the September 22, 2023 order and remand for reinstatement of defendant's appeal. In view of the motion court's credibility assessment, the case should be assigned to another judge. See R. 1:12-1(d); Pressler and Verniero, Current N.J. Court Rules, cmt. 4 on R. 1:12-1 (2025) (stating "the appellate court has the authority to direct that a different judge consider other matters on remand and in subsequent proceedings in order to preserve the appearance of a fair and unprejudiced hearing"). Our decision should not be construed as expressing a view on the merits of defendant's contentions.

Reversed and remanded for a trial de novo.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1725-23