**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2949-24

CELIA C. FERNANDEZ
and LUIS R. FERNANDEZ,
her husband,

     Plaintiffs-Appellants,

v.

ALEXIS PARCELLS, M.D., and
SPIRO PLASTIC SURGERY, LLC,

     Defendants-Respondents,

and

KARYNA NEYRA, M.D., NOHA
GHUSSON, M.D., MARJUT
KOKKOLA-KORPELA, M.D.,
INFECTIOUS DISEASE CENTER OF
NEW JERSEY, LLC, ST. BARNABAS
MEDICAL CENTER, and RWJ
BARNABAS HEALTH, INC.,

     Defendants.

_____

Argued April 27, 2026 – Decided May 6, 2026

Before Judges Sabatino, Natali and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6145-21.

Eric G. Kahn argued the cause for appellants (Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, attorneys; Eric G. Kahn, of counsel and on the briefs; Annabelle M. Steinhacker, on the briefs).

Jack E. Potash argued the cause for respondents (Ronan, Tuzzio & Giannone, PC, attorneys; Rowena M. Durán, of counsel; Jack E. Potash, on the brief).

PER CURIAM

In this medical malpractice case, plaintiff appeals the trial court's with-prejudice dismissal of her claims against two doctors. The court ordered dismissal because of plaintiff's then-counsel's late and abrupt service of an expert report on the eve of a summary judgment motion hearing, five weeks after the most recent case management order's interim deadline for serving such reports had passed.

For the reasons explained in this opinion, we vacate the dismissal and remand the matter to enable the case to be litigated on its merits. We do so principally because (1) the court did not sufficiently address less severe measures to respond to the circumstances, such as cost-shifting, in lieu of dismissal, and (2) the court erroneously deprived plaintiff of requested oral argument on her motion for reconsideration, in violation of Rule 1:6-2(d).

Since the parties are well familiar with the background of this case that led to the present appeal, we need not state the facts and procedural history comprehensively. The following summary will suffice.

In August 2021, plaintiff Celia C. Fernandez and her husband Luis R. Fernandez[1] filed a medical negligence complaint in the Law Division against four physicians and several entities. The claims concern plaintiff's development of a skin condition following breast reconstruction surgery.

The plastic surgeon who treated her after the surgery, Alexis Parcells, M.D. ("Dr. Parcells") and that surgeon's employer, Spiro Plastic Surgery, LLC ("Spiro") were named as defendants in that complaint along with three (now dismissed) infectious disease specialists and several medical care centers.

Given the multiplicity of doctors involved in the case, discovery was lengthy. It was particularly difficult to schedule the depositions for some doctors. Discovery was extended four times; three of these extensions were in response to summary judgment motions because plaintiff did not yet have an expert report.

---

[1] The husband is named as a co-plaintiff purely on a claim of loss of consortium. For simplicity, we use the term "plaintiff" hereafter to refer to Celia C. Fernandez individually, unless the context indicates otherwise. We also note that any medical information described in this opinion is mentioned out of necessity. R. 1:38-1A.

A-2949-24

On November 22, 2024, in response to the third summary judgment motion and an opposing motion to extend discovery from plaintiff, the trial court issued a case management order that extended discovery for the fourth time to a Discovery End Date ("DED") of May 30, 2025. The case management order specified that plaintiff had until February 15, 2025, to serve an expert report. The order recited that: "No further extensions shall be granted."

The final infectious disease doctor was deposed on December 16, 2024. When the court-ordered deadline of February 15, 2025, for plaintiff's expert report occurred, plaintiff did not serve one. Nor did plaintiff notify any party that an expert had been secured or that a report was forthcoming.[2]

On February 28, 2025, all named defendants filed a motion for summary judgment with a return date of March 28, 2025. Plaintiff did not respond to this dispositive motion until roughly 6:30 p.m. on March 27, the night before the motion argument. Along with a four-page letter to the court, plaintiff attached an eight-page belated expert report of a plastic surgeon from California. The report opined that only Dr. Parcells and her company Spiro had breached the standards of care and exonerated the remaining defendants. Plaintiff

---

[2] Plaintiff had utilized a different medical expert for the required post-answer Affidavit of Merit.

accordingly advised that she consented to all other co-defendants, aside from Dr. Parcells and Spiro, being dismissed from the case.

At oral argument on the motion on March 28, 2025, the trial court questioned why plaintiffs had not moved to extend discovery or notify the parties of the forthcoming expert report. The attorney who was then representing plaintiff apologized, attributing the delay to the expert's busy schedule as a practicing surgeon and the "thousands" of pages of deposition transcripts and other documents that the expert had needed to review. Defense counsel argued in response that, under the circumstances, it would be unfair to her clients to allow the untimely expert report to be considered.

In an oral ruling that same day after the parties had concluded their arguments, the trial court elected not to consider the late report and granted summary judgment to Dr. Parcells and Spiro. In essence, the court found that the abrupt and untimely service of the expert report was intolerable, and that it was appropriate to impose the remedy of a dismissal of plaintiff's claims with prejudice.

Plaintiff[3] timely moved for reconsideration, with a supporting certification and attachments explaining the circumstances in greater detail. In that

---

[3] By this point a different attorney from plaintiff's law firm had taken over.

A-2949-24

submission, plaintiff's successor counsel advised that plaintiff was amenable to less drastic measures, such as granting defendants additional discovery time to depose plaintiff's expert, and cost-shifting. Plaintiff requested oral argument on the motion as of right, pursuant to Rule 1:6-2(d). Dr. Parcells and Spiro opposed the reconsideration motion but also requested oral argument.

In an order dated May 9, 2025, the court denied reconsideration without allowing oral argument. The order read as follows:

> This Court has considered the moving papers and the opposition submitted: this matter was previously heard for oral argument and counsel fully and completely argued their positions: nothing presented in this motion raises any additional reasons to reconsider this Court's prior decision nor does it raise any matters or controlling decisions that this Court overlooked or in which it had erred. See Rules of Court 4:42-2 and 4:49-2.

On appeal, plaintiff argues: (1) the expert report, despite its late production, should have been considered as substantive opposition to summary judgment; (2) oral argument should have been granted as of right on the reconsideration motion; and (3) the opinion provided in plaintiff's expert report, precluded the grant of summary judgment, as the report raises genuine issues of material fact on the merits of the case. Defendants counter that the trial court

6

did not misapply its discretion in disallowing the late report and in granting them summary judgment.

In considering these arguments, we are mindful of several important principles. Trial courts are entrusted with an enormous and difficult responsibility in overseeing the orderly and efficient exchange of pretrial discovery, so that cases can be ready for substantive motion practice and trial. Trial courts have considerable discretion in such case-management functions. "[A]ppellate courts 'generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law.'" State v. Brown, 236 N.J. 497, 521 (2019) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011) (quoting Rivers v. LSC P'Ship, 378 N.J. Super. 68, 80 (App. Div. 2005))).

In complex matters such as this medical malpractice case, trial courts commonly issue periodic case management orders that specify interim deadlines for document production, fact witness depositions, expert reports, expert depositions, and so forth, culminating with a DED. In determining whether the DED should be extended, our rules are more stringent when the case has already been assigned an arbitration or trial date. See R. 4:24-1(c) (requiring

"exceptional circumstances" to extend discovery when such dates have been established; otherwise requiring only "good cause" for an extension); Leitner v. Toms River Reg. Schools, 392 N.J. Super. 80, 87 (App. Div. 2007) (defining "good cause"); Rivers, 378 N.J. Super. at 79 (defining "exceptional circumstances"). Notably here, the case did not yet have such a designated date when the court rejected plaintiff's expert report and it declined to extend the interim deadline for such reports.

Furthermore, we recognize that when parties fail to comply with their discovery obligations, the Rules authorize a wide range of possible remedies and sanctions for such noncompliance. Specifically, Rule 4:23-2(b) enumerates various alternative sanctions for failing to comply with discovery obligations as follows:

> (1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the introduction of designated matters in evidence;
>
> (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof,

or rendering a judgment by default against the disobedient party;

(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

See, e.g., Oliviero v. Porter Hayden Co., 241 N.J. Super. 381, 385 (App. Div. 1990) (upholding an order requiring a party to pay reasonable attorney's fees for an aborted first trial, after the party had misidentified a key witness in answering interrogatories.); see also Marino v. Abex Corp., 471 N.J. Super. 263, 271 (App. Div. 2022) (affirming an order sanctioning a party that violated rules on corporate depositions to pay the opposing party's attorney fees and costs and precluding that party from advancing certain defenses).

Another cardinal principle is that, when it is possible within the bounds of fairness, our court system prefers that cases be adjudicated on their merits rather than on procedural grounds. "Cases should be won or lost on their merits and not because litigants have failed to comply precisely with particular court schedules, unless such noncompliance was purposeful and no lesser remedy was

9

available." Irani v. K-Mart Corp., 281 N.J. Super. 383, 387 (App. Div. 1995) (quoting Connors v. Sexton Studios, Inc., 270 N.J. Super. 390, 395 (App. Div. 1994)). This is particularly true when "there has been no showing of prejudice to defendants that would outweigh the strong preference for adjudication on the merits rather than final disposition for procedural reasons." Mayfield v. Cmty. Med. Assocs., P.A., 335 N.J. Super. 198, 207 (App. Div. 2000). "[I]n the absence of demonstrable prejudice to the other party, it is neither necessary nor proper to visit the sins of the attorney on his blameless client." Jansson v. Farleigh Dickinson Univ., 198 N.J. Super. 190, 196 (App. Div. 1985) (superseded by statute on other grounds) (reversing a dismissal when the first attorney for plaintiffs failed to serve answered interrogatories and a new attorney attempted to vacate the dismissal four years later).

We also must be mindful in this reconsideration context that Rule 1:6-2(d), as it is presently[4] codified, prescribes that, with the exception of motions involving pretrial discovery or calendaring, oral argument ordinarily shall be granted to movants who request it as of right. That principle generally extends

---

[4] We are aware the Civil Practice Committee has recommended to the Supreme Court that the rule be revised to afford trial judges discretion to deny such oral argument requests on reconsideration motions when argument is not likely to be helpful or illuminating. 2026 Sup. Ct. Civ. Prac. Comm. Rep. 1-3.

to motions for reconsideration, with very limited exceptions noted in case law. See Raspantini v. Arocho, 364 N.J. Super. 528, 532 (App. Div. 2003).

Having considered the present case in light of these principles, we respectfully conclude the trial court erred in rejecting plaintiff's late expert report and in refusing to consider it as substantive opposition to defendants' summary judgment motions. We emphatically agree with the trial court that the late service of the expert report on the night before the summary judgment return date was unfair, as well as discourteous to the court and opposing counsel. Even so, the trial court did not sufficiently address why one or more less drastic measures authorized under Rule 4:23-2(b) would not serve the interests of justice. The court erred in depriving plaintiff of a disposition on the merits of her claims against the two remaining defendants.

In reaching this determination, we are mindful that there were approximately five weeks left before the DED would expire on May 30. The court could have granted defendants an extension of time to take the plaintiff's expert's deposition and, if needed, procure a competing defense expert report. The court also could have required plaintiff to pay reasonable counsel fees and

11

other costs necessitated by the late submission.[5]  As we noted, there was no trial date looming, and it does not appear likely that the court would have assigned this complex case out for a jury trial very soon after the DED ran.  Nor do we discern any significant prejudice to defendants that would be caused by delaying the completion of discovery a few more months.

We have considered the case law cited by defendants in opposition to the appeal, and none of those cases persuade us to adopt a different course of action. For instance, the case of Tynes v. St. Peter's Univ. Med. Ctr., 408 N.J. Super. 159, 170 (App. Div. 2009), chiefly relied upon by defendants, is not comparable to the situation before us because in that case, the plaintiff's counsel actively misled the court and opposing counsel about when he learned the status of a key witness.  No such lack of candor is present here, despite the abrupt and inconsiderate conduct that occurred.

To be sure, given the difficulties that plaintiff's expert may have had in wading through thousands of pages of materials that were not completed until the cusp of the year-end holiday season, plaintiff's former counsel should have alerted the court and opposing counsel that the expert needed more time.  But

---

[5] We parenthetically note that nothing in this opinion precludes defendants from seeking from the trial court on remand a sum for reasonable appellate counsel fees.

the consequence of dismissal with prejudice was excessive. The court further erred when it denied oral argument on the motion for reconsideration, which could have provided a context for a fulsome exploration of lesser sanctions.

The court's orders dated March 28, 2025 and May 9, 2025 are consequently vacated. The matter is remanded for oral argument and further proceedings and the consideration of alternative measures and sanctions. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

13