**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2550-22

KINGSLEY AISEWOMHION,

    Plaintiff-Appellant,

v.

RAHUL GOEL,

    Defendant-Respondent.

_____

Submitted May 14, 2024 – Decided July 1, 2024

Before Judges Rose and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket Nos. L-1211-21, L-716-21, DC-6683-21, L-3288-21, DC-16729-21.

Hegge & Confusione, LLC, attorneys for appellant (Michael James Confusione, of counsel and on the briefs).

Ofeck & Heinze, LLP, attorneys for respondent (Patrick J. Jordan, on the brief).

PER CURIAM

Following a bench trial in these consolidated cases, plaintiff Kingsley Aisewomhion appeals from an April 17, 2023 Law Division order, denying reconsideration of a March 3, 2023 order that denied his "motion to reinstate trial," and a February 9, 2023 order that entered judgment for defendant Rahul Goel. For the reasons that follow, we vacate the orders under review and remand for the court to reopen the trial, limited to the presentation of plaintiff's remaining witness, and closing statements unless waived.

I.

Although the record provided on appeal is incomplete, in view of our disposition, we need only summarize the parties' allegations and pertinent procedural history. In December 2020, plaintiff filed a self-represented complaint against defendant in the Special Civil Part for wrongful distraint and sought return of his property and monetary damages. Plaintiff asserted he was wrongfully evicted from several residential properties in Newark owned by defendant and leased to plaintiff who, in turn, subleased the properties as Airbnb apartments. Defendant answered the complaint and filed a counterclaim,

claiming plaintiff failed to pay management fees that exceeded the Special Civil Part's $15,000 then jurisdictional limit.[1] See R. 6:1-2(a)(1).

On defendant's motion, the matter was transferred to the Law Division. According to plaintiff's merits brief, the court thereafter consolidated "separately filed actions all involving the parties' claims against each other." Notably, all of plaintiff's pleadings provided on appeal reflect his telephone number; nearly all reflect his email address.

Trial apparently commenced on August 4, 2022, and continued on September 7 and December 12.[2] We glean from the September 7 transcript that plaintiff represented himself at trial and defendant was represented by counsel. According to the court's February 2, 2023 oral decision, as of December 12, four witnesses had testified at trial until that point: both parties; plaintiff's sister; and Kalu Kokor, who had a business relationship with defendant and knew plaintiff. The court explained the posture of trial: "At the [December] 12 hearing, there was one witness left. It was a non-party witness that [plaintiff] wanted to call, a Mr. Idowu. And it was left off that the court would give a new date. And

---

[1] Effective July 2022, the jurisdictional amount was raised to $20,000. Pressler & Verniero, Current N.J. Court Rules, cmt. 3.1 on R. 6:1-2 (2024).

[2] Plaintiff only provided the 244-page, two-volume transcript of the September 7, 2022 trial date.

other than Mr. Idowu's testimony the matter was concluded." About one week later, the court scheduled the final trial date for February 2 at 9:00 a.m.

Although plaintiff had appeared remotely or in court on all prior trial dates, he failed to appear on February 2. The court explained:

> It's now 9:45. And [plaintiff] has . . . not appeared. There was a notice that was sent out on December 20[], 2022, to all the parties and counsel that trial was scheduled for February 2[], 2023, 9:00, for this court. . . . [Plaintiff] didn't contact the court. The matter had been tried already; the trial had commenced over several days. So, all the parties were aware that this was an ongoing trial and that the court would be setting a date really for the presentation by [plaintiff] of his last non-party witness.
>
> Not only did the written notices go out and in Docket [No.] L-0716-21, the notice was docketed in transaction ID LCV20224387665. That was the one that was mailed to [plaintiff]. Not only . . . was notice sent by mail, but also [plaintiff] did not contact chambers . . . to ask about the dates or to express any issues with respect to the dates.
>
> And certainly, where a trial has commenced and in the presence of the parties and all . . . the trial days in September and December were live, so [plaintiff] was here, himself, when the court indicated that a new date would be set. And in these circumstances – one, there was a written – there was a notice from the Clerk's Office sent with the new date, but it also would be incumbent on the parties to make sure that they contacted the court if there was some question or if they hadn't heard about a date.

4

Noting the court had asked the sheriff's officer to see whether plaintiff was present in the hallway and the rotunda – and that plaintiff had not called chambers – the court found plaintiff was "given notice"; "aware that a new date would be set"; and "sent notice of the new date." The court further noted: "The . . . issue for trial today was . . . [plaintiff's] last witness."

Turning to the merits, the court detailed its findings of fact and conclusions of law. In essence, the court found Kokor testified credibly that the parties had "a management-type relationship," not a landlord-tenant relationship as plaintiff asserted. On February 9, 2023, the court entered judgment for defendant in all consolidated matters.

In his self-represented motion to reinstate trial, plaintiff asserted he never received notice of the February 2 court date. Plaintiff claimed he "reached out to the Ombudsman['s] office and was informed that the court stopped/don't sending email and/or phone call on court updates, only via postal mail." Plaintiff explained that as stated in court on or around November 23, 2022,[3] he had moved "due to constant harassment" from defendant and his family. Plaintiff

---

[3] Plaintiff did not provide a transcript of any hearing held in November 2022. Nor did the court reference a hearing or trial date held during that month.

A-2550-22

acknowledged he "forg[o]t to update [his] address with the court clerk/customer service desk."

Plaintiff further explained that "at the beginning of the trial[, he] often receive[d] updates on the scheduled next court date via email and/or phone call." Stating he received no such notice for the February 2 return date, plaintiff nonetheless acknowledged his "obligat[ion] to update [his] contact information with the court." Noting the two-year pendency of the matter, plaintiff stated he "never missed a court date/hearing." Maintaining he proved his case based on the testimony adduced at trial "and more testimonies to come that he was treated inhumanely," plaintiff asserted he "ha[d] no reason . . . whatsoever to abandon the trial after almost two years." Plaintiff did not request oral argument.

In its March 3, 2023 order denying plaintiff's motion to reinstate the trial, the court found, in full:

> The matter was tried over several days with multiple witnesses. Litigants were responsible for maintaining communication to be aware of court dates. No basis was shown for reinstating this matter. The court had placed on the record its findings of fact and conclusions of law. No request for adjournment or continuance had been made.

In his ensuing self-represented motion for reconsideration, plaintiff requested "at least [two] hours oral argument to discuss" Kokor's testimony, the

6

credibility of defendant and plaintiff, and the court's factual findings and legal conclusions. Plaintiff asserted the court's conclusion that the evidence adduced at trial counters the court's conclusion that plaintiff was "a squatter."

In its April 17, 2023 order denying plaintiff's motion for reconsideration, the court incorporated its statement of reasons from the March 3 order. Citing Rule 4:50-1, the court also noted: "Movant has not shown any basis for the court to reconsider that ruling, which denied relief after entry of a final judgment."

Now represented by counsel, plaintiff argues the trial court abused its discretion by denying his motion to reinstate trial. Plaintiff argues defendant failed to demonstrate he would be prejudiced if the matter were reinstated and the "court made no finding of prejudice." To support his position, plaintiff primarily cites case law underscoring pretrial motions to reinstate a complaint. For the first time on appeal, plaintiff claims he should be permitted "to present his two additional non-party witnesses." (Emphasis added). Although in his opposition to plaintiff's motion to reinstate trial, defendant urged the court to deny plaintiff's motion under Rule 4:50-1(a), defendant abandons that argument before us now. Instead, defendant argues plaintiff's appeal is untimely, he only sought to call one remaining witness at trial, and plaintiff failed to make a proffer as to Idowu's testimony.

A-2550-22

II.

As a threshold matter, we reject defendant's timeliness argument. Plaintiff's notice of appeal was filed on April 27, 2023, ten days after the court filed the April 17 order denying his motion for reconsideration.  See R. 2:4-3 (providing an appeal must be filed within forty-five days of the final order's issuance).

A trial court's order on a motion for reconsideration will not be set aside unless shown to be a mistaken exercise of discretion.  Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016).  Governed by Rule 4:49-2, reconsideration is appropriate for a "narrow corridor" of cases in which either the court's decision was made upon a "palpably incorrect or irrational basis," or where "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence."  Fusco v. Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).  An abuse of discretion arises when a decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Servs., 779 F.2d 1260, 1265 (7th Cir. 1985)).  In the present

matter, the trial court summarily denied plaintiff's reconsideration motion under Rule 4:50-1, without specifying the applicable subsection. Rule 4:50-1 provides various avenues for relief from a judgment or order and, in relevant part, permits the court to

> relieve a party . . . from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered . . .; (c) fraud[,] . . . misrepresentation, or other misconduct . . . ; (d) the judgment or order is void; . . . or (f) any other reason justifying relief from the operation of the judgment or order.

"The rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" U.S. Nat'l Bank Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Mancini v. EDS, 132 N.J. 330, 334 (1993)). Equitable principles should guide the court's analysis regardless of the subsection. MTAG v. Tao Invs., LLC, 476 N.J. Super. 324, 333 (App. Div. 2023) (quoting F.B. v. A.L.G., 176 N.J. 201, 207 (2003)).

As to subsection (a), our Supreme Court has underscored, "[i]t would create a rather anomalous situation if a judgment were to be vacated on the ground of mistake, accident, surprise or excusable neglect, only to discover later

that the defendant had no meritorious defense. The time of the courts, counsel and litigants should not be taken up by such a futile proceeding." US Bank Nat'l Ass'n, 209 N.J. at 469 (quoting Schulwitz v. Shuster, 27 N.J. Super. 554, 561 (App. Div. 1953)).

Assuming subsection (a) of the rule was implicated here because plaintiff was not afforded the opportunity to present his final witness, it is not readily apparent on this record whether he had a meritorious defense. In any event, although plaintiff candidly acknowledged he failed to update his residential address with the court, his pleadings reflect his email address and telephone number. It is therefore unclear from the record why he was not contacted via those channels – at the very least – on the February 2 return date. As plaintiff asserts, and defendant does not dispute, the court had contacted plaintiff earlier in the proceedings via email or telephone regarding upcoming court dates.

Moreover, notwithstanding plaintiff's failures to advise the court of his address change and contact the court regarding the final trial date, our courts are committed to, among other things, fairness and quality service. The Judiciary strives to follow a policy in favor of generally deciding contested matters on their merits rather than based on procedural deficiencies. See Woodward-Clyde Consultants v. Chem. & Pollution Scis., Inc., 105 N.J. 464, 472-74 (1987).

A-2550-22

"Cases should be won or lost on their merits and not because litigants have failed to comply precisely with particular court schedules, unless such noncompliance was purposeful and no lesser remedy was available." Irani v. K-Mart Corp., 281 N.J. Super. 383, 387 (App. Div. 1995) (quoting Connors v. Sexton Studios, Inc., 270 N.J. Super. 390, 395 (App. Div. 1994)).

We well understand the Law Division's need to control its schedule and enforce its scheduling orders. Based on the circumstances presented here, however, we conclude the court mistakenly exercised its discretion in denying plaintiff's motion to reconsider the final judgment. Instead, the court should have permitted plaintiff to call his remaining witness – and present a closing statement, if requested.

However, we agree with defendant that plaintiff only sought to present one final witness before the trial court. As such, plaintiff did not preserve his right to call the second witness for our review. See N.J. Div. of Youth & Fam. Servs. v. M.C. III, 201 N.J. 328, 339 (2010) (reiterating "issues not raised below will ordinarily not be considered on appeal unless they are jurisdictional in nature or substantially implicate the public interest"). Notably, plaintiff neither identified the second witness by name nor provided a proffer of the witness's anticipated testimony.

Accordingly, we vacate the orders under review and remand the matter for the limited purpose of continuing the trial for presentation of Idowu's testimony and summations, unless waived by the parties. See R. 1:7-1(b). We leave to the trial court's discretion whether plaintiff need provide defendant a proffer of Idowu's testimony. In exercising its discretion, the court should be consistent with its prior rulings. The trial shall be concluded within sixty days of our order.

Finally, the court's credibility findings in this matter ordinarily might prompt us to remand the matter to another judge. See R.L. v. Voytac, 199 N.J. 285, 306 (2009). However, in the interest of judicial economy in this case – where four witnesses have testified over the course of several months – we decline to do so. We are confident the same judge will comply with our remand instructions and render a fair and just decision after the close of all evidence and closing statements.

Reversed and remanded in part. Jurisdiction is not retained.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2550-22