**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1065-23

VANESSA BROTHERNS,

    Plaintiff-Appellant,

v.

MAGDI MOSAID,

    Defendant-Respondent.

_____

> Submitted May 14, 2025 – Decided July 23, 2025
>
> Before Judges Marczyk and Paganelli.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. DC-009287-21.
>
> The Cintron Firm, LLC, attorneys for appellant (Mark J. Cintron, of counsel and on the brief; Mary R. Srafen, on the brief).
>
> Ameri Law Firm, attorneys for respondent (Nima Ameri, on the brief).

PER CURIAM

Plaintiff Vanessa Brotherns appeals from trial court orders of September 29, 2023, denying her motion to enforce the parties' purported settlement agreement, and October 31, 2023, denying her requests for an adjournment or to appear virtually, and dismissing her complaint with prejudice. Because we conclude plaintiff did not sustain her burden to establish the parties settled the matter, we affirm the September order. However, because we also conclude plaintiff's adjournment request should have been granted, and her request to appear virtually should have been considered, we reverse the October order and remand the matter for trial.

In July 2021, plaintiff filed a complaint against defendant Magdi Mosaid. She alleged she was defendant's tenant and he unlawfully failed to return her security deposit with interest. Defendant filed an answer and counterclaim. On November 16, 2021, the trial court entered an order dismissing the matter because it was "settled prior to trial."

In July 2023, plaintiff filed a motion to enforce the purported settlement. Defendant filed opposition to the motion. In a September 8, 2023 order, the trial court denied the motion, stating "[t]he parties disagree as to whether there was a settlement agreement. The court requires a plenary hearing to determine if a settlement was reached."

2

On September 29, 2023, the trial court held a plenary hearing regarding plaintiff's motion to enforce the settlement. The court heard testimony from plaintiff's attorney. Counsel testified there was a settlement agreement for defendant to pay the security amount, $3,450, plus $800 of plaintiff's attorney's fees. Further, if defendant failed to pay, he would be responsible to pay double the security amount. Counsel's office contacted the court to advise of the settlement. Counsel testified that defendant called him and said "he was on the way to the bank and was going to send the check to" plaintiff. Counsel's office "called [defendant] numerous times to come [in] to sign the settlement" documents but he never did.

Defendant testified on his own behalf. Defendant denied "at any time, . . . agree[ing] to settle" the matter. He also denied having any communication with plaintiff's counsel regarding settlement or getting numerous calls from counsel's office. Defendant stated he had appeared for trial in the fall of 2021, but was advised the case had been dismissed. During the plenary hearing, the trial court played the audio from the trial call on November 16, 2021, in which the court advised defendant the "[t]he matter settled" and he was "free to go" and defendant responded "he had not agreed . . . to the settlement."

The trial court stated defendant's testimony was "more accurate," "more inherently believable," and "very consistent," and it found defendant "slightly more credible." The court noted it had "to determine, and the burden is on the party seeking to enforce the settlement, that there was a meeting of the minds. And [it] d[id] not find that the plaintiff in this case satisfied that burden that there was in fact a meeting of the minds." The court found, "based on the actions of [defendant] at the time: not coming in, not signing anything, appearing in court, [it was] . . . incapable of concluding that there was in fact a meeting of the minds." The trial court denied plaintiff's motion to enforce the settlement.

At the conclusion of the hearing, the court stated the following:

> This case will I am certain be, by far, the oldest case on my docket. . . . So you will get a trial date, I'm guessing in October, if not November. I expect everyone to be here.
>
> If there is a settlement, under these circumstances, I want you in here. You both have appeared before me many, many times. I will make myself available even if it's not on the record. I'm not doing it by Zoom. . . .
>
> . . . .
>
> Do not come in and ask me for an adjournment. Do not write and ask me for an adjournment. If either one of you cannot make it, get somebody else in here. This case is going to be tried in the very near future. . . .

4

The matter was scheduled for trial on October 31, 2023. On October 25, 2023, counsel for plaintiff wrote to the trial court. The letter stated:

> I write to respectfully request a two-week adjournment or, alternatively, to respectfully request that [plaintiff] be able to participate in the proceeding virtually via Zoom.
>
> [Plaintiff] now resides in California. She is currently scheduled to travel to the New Jersey area between November 10, 2023[,] and November 18, 2023. Accordingly, we respectfully request an adjournment so that the matter could be heard during this time period. Her redacted itinerary is attached.
>
> If the [c]ourt is unable to accommodate an adjournment, we respectfully request that [plaintiff] be able to participate in the hearing via Zoom. The Supreme Court Order governing [c]ourt operations dated October 27, 2022[,] at paragraph 7(b) permits all [j]udges in their discretion to grant [a] litigant's reasonable request to participate in a virtual proceeding. Given the great distance, expense, and burden on [plaintiff] to travel to the New Jersey area for a second time, we submit that [plaintiff]'s request is reasonable.
>
> Defendant's counsel has graciously consented to the request for an adjournment and has proposed a new date of November 13, 2023. Defendant's counsel did not consent to [plaintiff] appearing virtually.

Counsel for defendant appeared at the trial call. However, she advised the court she was waiting on another attorney, and "as [she] underst[oo]d it, [she could no]t get an adjournment [but she] was sent [t]here to request an

adjournment . . . on [her] client's behalf." Counsel admitted defendant was not ready to proceed but noted plaintiff's "counsel had consented to . . . an adjournment." The trial court stated "there's no adjournment. You don't have witnesses. I am dismissing everything." The court reminded the attorneys that on September 29, it advised not to "call" or "write" for an adjournment. Instead, they were to "have [their] clients here ready to try the case."

Plaintiff's counsel also appeared at the trial call. However, counsel stated plaintiff was "unable to get a flight to be [t]here" and while he was ready to proceed, he "had requested that she be able to appear via Zoom." The court stated:

> Well then you're not ready. . . . I'm not trying a case by Zoom. And I'm not trying a case with one person by Zoom and the other people not. Zoom is very, very difficult. I did it for two years. I have people sitting off-camera on Zoom. I have people half-dressed on Zoom. I have people off-camera telling the people on camera what to say on Zoom. I told somebody unless they're under oath, I told you they have to leave. Did they leave? And the voice says -- off-camera says, "Tell him yes." And then somebody else, I said -- I told you to have them leave the room. And the answer was, "They're in the doorway." Technically, they're out of the room.
>
> I'm not doing that. And that was not an option. On September 29th, no one from your firm said can my client appear by Zoom. I'm not accepting a letter

6

A-1065-23

yesterday, please adjourn or do by Zoom.  The answer is no.  Are you ready?

Plaintiff's counsel stated he was "not able to proceed without . . . plaintiff" and therefore not ready.  The trial court, noting the case was from July 2021, dismissed "[a]ll claims . . . with prejudice."

On appeal, plaintiff contends the trial court erred by denying:  (1) her motion to enforce the settlement agreement; (2) the parties' joint request for a brief adjournment; and (3) her request to appear virtually.  Defendant counters that "the court correctly decided . . . that no settlement had been reached between the parties" and "acted with sound discretion" in denying each party's request for an adjournment and plaintiff's request to appear virtually.

## I.

We first consider plaintiff's claim that the parties entered into a valid and enforceable settlement agreement.  Plaintiff contends "even without a formal signed agreement, the parties had a mutual agreement as there was a 'meeting of the minds' as it related to the settlement amount and other terms."  Plaintiff argues, "based on the parties' agreement to the amount and terms, and subsequent notice to the [c]ourt, there is sufficient evidence to establish that a settlement had been reached."

A-1065-23

The trial court held a plenary hearing. "Our review of a trial court's fact-finding in a non-jury case is limited." Cumberland Farms, Inc. v. N.J. Dep't of Env't Prot., 447 N.J. Super. 423, 437 (App. Div. 2016). Generally, "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence. Deference is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Ibid. (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011)). "That is so because an appellate court's review of a cold record is no substitute for the trial court's opportunity to hear and see the witnesses who testified on the stand." Balducci v. Cige, 240 N.J. 574, 595 (2020). Therefore, "[w]e 'should not disturb the factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Cumberland Farms, 447 N.J. Super. at 437-38 (second alteration in original) (quoting Seidman, 205 N.J. at 169).

However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J.

366, 378 (1995). "We also review mixed questions of law and fact de novo." Cumberland Farms, 447 N.J. Super. at 438.

"A settlement agreement between parties to a lawsuit is a contract." Nolan v. Lee Ho, 120 N.J. 465, 472 (1990). "The burden of proving that the parties entered into a settlement agreement is upon the party seeking to enforce the settlement." Cumberland Farms, 447 N.J. Super. at 438.

However, "[u]nless there is 'an agreement to the essential terms' by the parties, . . . there is no settlement in the first instance." Id. at 438-39 (quoting Mosley v. Femina Fashions, Inc., 356 N.J. Super. 118, 126 (App. Div. 2002)).

In Cumberland Farms, we explained:

> "A contract arises from offer and acceptance, and must be sufficiently definite 'that the performance to be rendered by each party can be ascertained with reasonable certainty.'" (Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992) (quoting W. Caldwell v. Caldwell, 26 N.J. 9, 24-25 (1958))). "A written contract is formed when there is a 'meeting of the minds' between the parties evidenced by a written offer and an unconditional, written acceptance." Morton v. 4 Orchard Land Trust, 180 N.J. 118, 129-30 (2004) (quoting Johnson & Johnson v. Charmley Drug Co., 11 N.J. 526, 538-39 (1953)). Thus, "[i]t is requisite that there be an unqualified acceptance to conclude the manifestation of assent." Weichert Co. Realtors, . . ., 128 N.J. at 435-36 (quoting Johnson & Johnson, . . . 11 N.J. at 539). "In the very nature of the contract, acceptance must be absolute" and "unequivocally shown." Johnson & Johnson, 11 N.J. at 538.

[447 N.J. Super. at 439.]

Applying these principles here, we discern no reason to disturb the trial court's finding that defendant presented the more credible testimony. Further, we perceive no basis to disturb the trial court's findings, ably supported in the record, that based on defendant's actions—not going to counsel's office to sign any paperwork, not signing anything at all, and appearing in court in November 2021—there was no "meeting of the minds," and therefore no valid and enforceable settlement agreement. Plaintiff's contention there was an agreement is belied by the court's findings. Moreover, plaintiff's unilateral notice to the court regarding settlement is insufficient to satisfy her burden. Therefore, we affirm the trial court's order of September 29, 2023, denying the motion to enforce the purported settlement agreement.

II.

Plaintiff next contends the trial court erred in ordering an "outright dismissal" instead of granting her adjournment request. She asserts she requested the adjournment prior to the trial date; resides in California and was not available in person on the date scheduled for trial; received consent of defendant's counsel for the adjournment; and offered a different trial date within two weeks.

Moreover, plaintiff notes, "there [we]re a handful of alternate sanctions that a [c]ourt can impose that do not include outright dismissal." She contends "[a] dismissal with prejudice, the gravest sanction employed by the courts, was not warranted here."

"Calendars must be controlled by the court, not unilaterally by [counsel], if civil cases are to be processed in an orderly and expeditious manner." Vargas v. Camilo, 354 N.J. Super. 422, 431 (App. Div. 2002). "In our judicial system, the trial court controls the flow of proceedings in the courtroom. As a reviewing court, we apply the abuse of discretion standard when examining the trial court's exercise of that control." State v. Jones, 232 N.J. 308, 311 (2018). Therefore, the grant or denial of an adjournment is committed to the discretion of the trial judge. See Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568, 575 (2003).

However, "the ultimate sanction of dismissal with prejudice should be imposed 'only sparingly.'" Ibid. That is because "[c]ases should be won or lost on their merits and not because litigants have failed to comply precisely with particular court schedules, unless such noncompliance was purposeful and no lesser remedy was available." Irani v. K-Mart Corp., 281 N.J. Super. 383, 387 (App. Div. 1995) (quoting Connors v. Sexton Studios, Inc., 270 N.J. Super. 390, 395 (App. Div. 1994)).

11

Here, we conclude plaintiff's adjournment request should have been accommodated. We acknowledge the trial court's commendable goal of trying to resolve this very old matter, and do not dismiss the court's frustration, if any, with the parties' and counsels' failures to follow its directions. Nevertheless, there is nothing in the record to suggest plaintiff's, or defendant's for that matter, requests for an adjournment were nefarious or "purposeful." Indeed, plaintiff explained she lived across the country and provided evidence of a flight to New Jersey near the date of trial. Further, the court had other sanctions at its disposal to compel compliance, but still allow the parties their day in court. See R. 1:2-4.

III.

Given our opinion that the trial court should have granted plaintiff's request for an adjournment, we nevertheless address plaintiff's argument that the court erred in denying her virtual appearance.

Plaintiff relies on an administrative order issued by our Supreme Court, Order: The Future of Court Operations—Updates to In-Person and Virtual Court Events, paragraph 7 (Oct. 27, 2022), for the proposition that a judge has "discretion to grant an attorney's or party's reasonable request to participate in person in a virtual proceeding."

A-1065-23

Plaintiff contends the trial court erred in denying her "request to appear virtually, in lieu of a personal appearance" because her request "was reasonable and appropriate under the circumstances." She explains she "resides in California" and "[t]o alleviate the costs associated with booking two cross-country flights two weeks back-to-back, . . . [she] requested . . . [to] appear virtually." In addition, plaintiff contends her "request was reasonable based upon the circumstances." She asserts "[o]n the eve of trial, it would have been impossible for [her] to travel to New Jersey from California."

As stated, "we apply the abuse of discretion standard when examining the trial court's exercise of . . . control" of the courtroom. Jones, 232 N.J. at 311.

Here, we conclude the trial court misused its discretion in refusing to consider plaintiff's request to appear virtually. We do not discount the trial court's concerns regarding the court's proceeding. However, the court allowed its unfortunate experiences with others to cloud its judgment regarding this matter, without due consideration for plaintiff's request and the parties before it. We note that after the plenary hearing, the court commented:

> In terms of demeanor, everybody here today has comported themselves extremely respectfully toward each other, toward the [c]ourt, toward the judicial process itself. And that means more to me than the manner in which anybody personally addresses me on a personal level, but I take very serious proper

A-1065-23

comportment, proper demeanor in court by everyone, and I commend everyone, everyone, for the manner in which they have comported themselves throughout this hearing.

Given this experience, the court should have considered plaintiff's request and logistically, whether it could have preserved the integrity of the trial. We do not offer an opinion on whether plaintiff's request to appear virtually should have been granted, and we recognize defendant's objection to such an appearance, nevertheless we note the exercise of discretion requires a case-by-case analysis regarding these decisions. Therefore, on remand, if plaintiff renews her request to appear virtually, or any other party makes a similar request, the trial court must engage in the required analysis.

Affirmed in part and reversed in part. Remanded for trial. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1065-23