cealed from the wife a prior undissolved marriage to another woman.

We thus conclude that there was no resulting trust in favor of plaintiff for her $5,000 advance toward the purchase price of the Lake Mohawk property, if in fact she supplied those funds.

Nor can we find anything at all in the record before us to support the contention of a violation by defendant of any fiduciary relationship to plaintiff in the circumstances attending the acquisition of the property. It is to be noted that plaintiff is evidently an intelligent and well-educated woman, engaged as an instructor at Fairleigh Dickinson University. Moreover, the contention was not raised at trial level, and we see no reason to entertain it here.

[The court here disposes of other contentions raised by appellant and cross-appellant.]

The judgment is in part affirmed, and in part reversed, as specifically hereinabove determined, and the cause is remanded to the trial court further to be proceeded with as hereinabove directed. No costs to either party on this appeal.

ELMORA SAVINGS AND LOAN ASSOCIATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ALFRED V. D'AUGUSTINO AND CLARA D'AUGUSTINO, HIS WIFE, AND ANGELO F. ABARCA, DEFENDANTS, AND PATRICIA K. ABARCA, HIS WIFE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 21, 1968—Decided October 29, 1968.

Before Judges GOLDMANN, KOLOVSKY and CARTON.

*Mr. Robert C. Gruhin* argued the cause for appellant.

*Mr. John A. Lyons* argued the cause for respondent (*Mr. Richard R. O'Connor*, attorney).

The opinion of the court was delivered by

GOLDMANN, S. J. A. D.    May the wife of a career serviceman claim the benefit of the Soldiers' and Sailors' Civil Relief Act of 1940 (50 *U. S. C. A. App.* § 510 *et seq.*) in a foreclosure action where the mortgage on the marital home

was assumed by her and her husband while he was in service and he in writing stated that he did not wish to oppose the action, and where the wife, asserting her rights as a dependent, made no other defense or showing? We agree with the Chancery Division judge that she may not.

Defendants Abarca were married in 1951. Abarca was then in the United States Navy. He served in the Navy from 1947 to 1956, at which time he joined the United States Air Force. He is still in that branch of the service.

The Abarcas purchased 52 Bayberry Court, Port Reading, N. J., from defendants D'Augustino on July 27, 1964, subject to a mortgage the D'Augustinos had given plaintiff in 1962 and which the Abarcas by separate instrument under seal assumed and agreed to pay according to its terms. Mrs. Abarca presently resides in the mortgaged premises together with the three children of the marriage.

Mortgage payments being in arrears, plaintiff instituted foreclosure proceedings against the Abarcas and the D'Augustinos. Only Mrs. Abarca filed an answer. She admitted that the mortgage was in default, as stated in the complaint, but by way of separate defense asserted that she was entitled to the benefits of the cited federal act by reason of her husband's military service, so that plaintiff was prohibited from proceeding with foreclosure while he continued in the armed forces.

Plaintiff's attorney mailed a copy of the summons and complaint to Abarca, postage prepaid, registered mail, return receipt requested. The letter was returned marked "Refused." He then resorted to publication of notice to absent defendant in a local newspaper and mailed a copy of the notice and the complaint to Abarca, postage prepaid, registered mail, return receipt requested. The letter was returned marked "Unknown."

In due course an attorney was appointed for Abarca. The attorney wrote him fully explaining the pending action and inquiring whether he desired to be represented or to make any defense. Abarca received that letter, sent certified mail,

and receipted therefor. Shortly thereafter he appeared at the assigned attorney's office, advised him he did not wish to oppose the foreclosure action, and signed a statement so stating. All this was reported to the trial judge. Plaintiff then moved for summary judgment, which was granted. This appeal by Mrs. Abarca followed.

We first note that defendant-appellant's brief was filed out of time, without application having been made for an extension of time, *R. R.* 1:7–13, and without the consent of opposing counsel. Ordinarily, this would be cause for imposing sanctions, including the dismissal of the appeal. *Abel v. Elizabeth Board of Works,* 63 *N. J. Super.* 500, 509 (*App. Div.* 1960); *Little v. Little,* 35 *N. J. Super.* 157, 162 (*App. Div.* 1955). *R. R.* 1:7–12 mandates the filing of an appellant's brief within 30 days after the filing of the notice of appeal. Under *R. R.* 1:7–13 the time so fixed may not be extended by the court except for good cause shown. In view of the defense raised, we shall nonetheless proceed to determine the appeal on the merits.

In her two-page brief, Mrs. Abarca relies upon 50 *U. S. C. A. App.* § 536 of the Soldiers' and Sailors' Civil Relief Act of 1940. That section reads:

"Dependents of a person in military service shall be entitled to the benefits accorded to persons in military service under the provisions of this article [sections 530–536 of this Appendix] upon application to a court therefor, unless in the opinion of the court the ability of such dependents to comply with the terms of the obligation, contract, lease, or bailment has not ben materially impaired by reason of the military service of the person upon whom the applicants are dependent."

Counsel overlooks the provisions of *section* 532 of the act, which deals with mortgages, trust deeds, or other security in the nature of a mortgage:

(1) The provisions of this section shall apply only to obligations secured by mortgage, trust deed, or other security in the nature of a mortgage upon *real* or personal *property owned by a person in*

*military service at the commencement of the period of the military service and still so owned by him which obligations originated prior to such person's period of military service.*

(2) In any proceeding commenced in any court during the period of military service to enforce such obligation arising out of nonpayment of any sum thereunder due or out of any other breach of the terms thereof occurring prior to or during the period of such service the court may, after hearing, in its discretion, on its own motion, and shall, on application to it by such person in military service or some person on his behalf, unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service—(a) stay the proceedings as provided in this Act [sections 501–548 and 560–590 of this Appendix]; or (b) make such other disposition of the case as may be equitable to conserve the interests of all parties. * * *" (Italics ours)

As noted, the Abarcas assumed the mortgage debt by separate agreement executed under seal when they purchased the property from the D'Augustinos in 1964. At that time Abarca had been in military service for more than 16 years. He has since continued in the service, making it a career. Since the property was not owned by the Abarcas at the commencement of the period of military service and the mortgage assumed by them did not originate prior thereto, *section 536,* providing for an extension of benefits to dependents, does not apply in light of *section 532.* As was said in *Whitaker v. Hearnsberger,* 123 *Colo.* 545, 233 *P. 2d* 389 *(Sup. Ct.* 1951), *section 532* by its plain provisions does not prevent the foreclosure of any obligation pursuant to a written agreement of the parties executed during the period of military service. And see Corbin, "Effect of Civil Relief Act on Existing Mortgages," 66 *N. J. L. J.* 81 (1943).

Since Mrs. Abarca did not satisfy the requirements of the federal act in its application to the case at bar, the remaining question is whether the pleadings and affidavits filed in connection with the motion for summary judgment created any genuine issue as to any material fact such as would preclude the trial judge from granting the motion. *R. R.* 4:58–3. The only defense raised to plaintiff's right to proceed with the foreclosure and its right to possession of the mortgaged

[redacted]

premises is the husband's military service. All other essential elements of plaintiff's cause of action stand undisputed. Since *section* 536 is not available as a defense, summary judgment was properly granted.

The judgment is affirmed.