147 N.J. Super. 582 (1977)
371 A.2d 789
KOHN'S BAKERY, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOSEPH R. TERRACCIANO; A. & J. CAFE, INC., A CORPORATION OF THE STATE OF NEW JERSEY; THOMAS MOSCARELLO AND MARIE MOSCARELLO, HUSBAND AND WIFE; AND ANN M. BURNETT, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 24, 1977.
Decided March 2, 1977.
*583 Before Judges FRITZ, ARD and PRESSLER.
Mr. Richard D. Ehrlich argued the cause for appellant.
Respondents did not file a brief.
PER CURIAM.
The trial judge, sitting in Chancery, dismissed plaintiff's complaint for its failure to appear for trial and for the failure of its counsel to file a trial brief as required by the pretrial order. At the same time he struck defendants' answer for the failure of their counsel to comply with the mandate of the pretrial order that trial briefs be filed. Plaintiff appealed forthwith, and, as a matter of fact, before the actual order was either signed or entered. In the same letter in which he forwarded to the trial judge *584 a copy of the notice of appeal, plaintiff's counsel discussed the merits of the dismissal at great length and asked for a reconsideration of the order. The trial judge replied, first noting that counsel's letter did not indicate that a copy had been sent to defense counsel, quite properly observing that there should be no ex parte communication with the court with respect to matters in litigation and directing that a copy of the letter be sent to defense counsel at once. The judge then brought to counsel's attention the fact that his action in filing a notice of appeal  an action we deem precipitate in the circumstances  deprived the trial court of jurisdiction to hear his application for reconsideration. In this the trial judge was eminently correct. R. 2:9-1(a); Sturdivant v. General Brass & Machine Corp., 115 N.J. Super. 224, 227 (App. Div. 1971), certif. den. 59 N.J. 363 (1971).
On this appeal plaintiff's attorney made no motion to correct or supplement the sparse record below. See R. 2:5-5. Rather, most incorrectly he included in his appendix "a certification of counsel * * * of those facts hereinafter [i.e., the statement of facts] mentioned for which other verification has not been included." That "certification" included the statement that "Those items set forth in the Statement of Facts which are not otherwise verified by the foregoing contents of the Appendix are, to the best of my knowledge, information and belief [compare R. 1:6-6], the complete and absolute truth." Additionally, counsel supplemented the record on his own in a number of other respects, including the certification of his secretary.
No rule permits this wholly improper procedure and we express as forcefully as possible our disapproval. Our obligation is to review a proper record as that record is constituted by R. 2:5-4. Ample means for correction or supplementation are available both in the trial court after appeal and in the Appellate Division. R. 2:5-5.
There is no doubt at all of the right of a trial judge, as an exercise of discretion, to impose sanctions for violation *585 of the rules or failure to obey the orders of the court, and these sanctions may include dismissal of the action. R. 4:37-2(a), and see Elmora S. & L. Ass'n v. D'Augustino, 103 N.J. Super. 301, 304 (App. Div. 1968). Another rule is specific with respect to both failure to appear and failure to file a required brief. R. 1:2-4.
We affirm the right of the trial judge in this case to do what he did and the propriety of that exercise of discretion on the record he had before him.
We are of the opinion, however, that the interests of justice require that plaintiff have an opportunity to justify counsel's failure to appear and to file a brief as required. Accordingly, we remand the matter for consideration by the trial judge of a motion of plaintiff toward that end. That motion shall be served upon counsel for defendants and filed not later than 15 days after the filing date of this opinion. It shall be accompanied by such affidavits as are thought by counsel to be necessary and appropriate and by a brief on the motion. The trial judge may, within his discretion, hold an evidentiary hearing on the motion, but is not required to hold such a hearing. R. 1:6-6. The determination of the trial judge to vacate the order of dismissal, with or without other sanctions and directions or either, or not to vacate that order should, of course, be accompanied by adequate findings of fact and conclusions of law.
So ordered. We do not retain jurisdiction. No costs.