**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1988-24

SHIRLEY A. GOODHEART,

     Plaintiff-Appellant,

v.

FREDERICK WIEDER
and AMERICAN MULTI-
CINEMA, INC.,[1]

     Defendants-Respondents.

_____

Argued December 11, 2025 – Decided March 5, 2026

Before Judges Mawla and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No L-1832-19.

Paul E. Kiel argued the cause for appellant (Gold Albanese Barletti, LLC, attorneys; James N. Barletti, of counsel and on the briefs; Paul E. Kiel, on the briefs).

Catherine De Angelis argued the cause for respondent American Multi-Cinema, Inc. (Weber Gallagher,

---

[1] Improperly pled as Fred Weidner and AMC Theaters.

attorneys; Catherine De Angelis, of counsel and on the brief; Nicholas C. Malet, on the brief).

Michael Della Rovere argued the cause for respondent Frederick Wieder (O'Toole Couch & Della Rovere LLC, attorneys; Michael Della Rovere, on the brief).

PER CURIAM

Plaintiff Shirley A. Goodheart appeals from three Law Division orders: the December 16, 2024 order dismissing with prejudice her complaint against defendant American Multi-Cinema, Inc. (AMC); the January 17, 2025 order dismissing with prejudice her complaint against "all defendants," including defendant Frederick Wieder; and the January 31, 2025 order denying her motion for reconsideration of the December 16, 2024 order. We affirm.

I.

On August 22, 2019, plaintiff, then self-represented, filed a complaint arising out of an incident that occurred at an AMC theatre on August 25, 2017. Plaintiff alleged she told AMC management Wieder's son was having a seizure, which "upset" Wieder, and he assaulted her, causing bodily injury. In addition to her tort claim against Wieder, plaintiff alleged AMC and its personnel were negligent by failing to: act in a reasonable manner to the medical emergency; maintain adequate security; provide a safe environment; and "maintain situation[al] awareness technologies like other AMCs." She sought damages for

2

medical costs, future medical care, loss of income and future earnings, pain and suffering, emotional and psychological damages, punitive damages, and counsel fees.

The initial discovery end date was July 26, 2020, which was extended multiple times and expired on November 30, 2021. Trial was set for June 13, 2022, adjourned twice at plaintiff's request, and ultimately scheduled for January 30, 2023. Two weeks prior to trial, plaintiff sought another adjournment, which was denied. When she appeared unprepared for trial, the court dismissed the complaint without prejudice for failure to prosecute.

After two unsuccessful motions for reconsideration, plaintiff moved to substitute counsel for herself. In a January 5, 2024 order, the court granted permission for the substitution of counsel, "subject to all of the conditions and object[]ions set forth on the record . . . on December 5, 2023."[2]

During a February 5, 2024 case management conference, plaintiff advised the court her intended medical expert had passed away, and she requested additional time to retain another expert. On February 20, 2024, plaintiff advised

_____

[2] The transcript of the December 5, 2023 proceeding is not in the record on appeal.

A-1988-24

the court she retained a new expert and would produce their report thirty days after her scheduled examination on April 24, 2024.

At a June 24, 2024 case management conference, plaintiff informed the court her intended expert was unwilling to serve as an expert in her case, and the court granted her request for additional time to retain another expert. At a July 8, 2024 case management conference, plaintiff advised she had retained a new expert, and the court granted an additional forty-five-day extension for her to produce the expert report.

The day before an August 27, 2024 case management conference, plaintiff requested a further extension to produce the report because her expert needed more time to procure additional records to prepare it. Defendants opposed the adjournment request, and AMC filed a motion to dismiss the complaint with prejudice for failure to prosecute, seeking sanctions, counsel fees, and costs. Plaintiff cross-moved to reopen discovery, establish a discovery schedule, and serve a new expert report.

After considering argument on the motion, the court found:

> [T]he extraordinary delay in this action has prejudiced . . . defendants. Defendant Wieder died in 2019. His wife is a witness and she is ill. Plaintiff's health . . . allegedly continues to deteriorate, making questionable the timely resolution of the case, based on what she perceives to be her abilities or inabilities in terms of

4

providing her proofs. An expert has died, and if this case had proceeded in a manner remotely close to the way in which cases of this type should proceed, most if not all of those issues would never have arisen.

However, the court indicated it would not dismiss the case with prejudice at that point, conditioned on three requirements with "no if[s], ands, or buts about it."

As reflected in the October 3, 2024 order and October 4, 2024 amended order, the court denied without prejudice AMC's motions to dismiss and for counsel fees and costs but granted its motion for sanctions in the amount of $300; and denied plaintiff's cross-motion to reopen discovery. The denial of AMC's motion to dismiss with prejudice was conditioned on plaintiff: (1) serving her expert report by November 15, 2024; (2) filing a motion to reinstate her complaint by December 30, 2024; and (3) paying the sanctions to AMC by December 30, 2024. If she failed to do so, defendants were permitted to submit an order under Rule 4:42-1(c) (the five-day rule), seeking dismissal of the complaint with prejudice.

On November 18, 2024, AMC submitted a proposed order for dismissal with prejudice under the five-day rule, based on plaintiff's failure to serve her expert report by November 15, 2024. In response, plaintiff's counsel filed a letter the same day, stating they had received the expert's report "[m]inutes ago" and served it on defendants. Counsel averred "[t]he report was obtained as

5

quickly as possible."  AMC submitted a letter dated December 2, 2024, requesting the court enter the order of dismissal because no objection was made pursuant to the court rule.

The court subsequently entered the unopposed order on December 16, 2024, dismissing the complaint with prejudice as to AMC based on plaintiff's failure to serve her expert report before November 15, 2024.  The order stated: "Based on the absence of any opposition, the failure to comply with this [c]ourt's [o]rder[] dated October 4, 2024, and the reasons set forth at length at the oral argument on October 3, 2024, the requested relief is appropriate."

On January 8, 2025, Wieder submitted a proposed order for dismissal with prejudice under the five-day rule.  Wieder noted, in addition to plaintiff's failure to serve the expert report by the deadline, she also failed to move to reinstate the complaint by December 30, 2024.

The court entered the unopposed order on January 17, 2025, dismissing the complaint with prejudice as to all defendants based on plaintiff's "failure to comply with the terms of the October 3, 2024 and October 4, 2024 [o]rders." The order stated:  "Based on the unopposed certification of facts, and the reasons set forth on the record on October 3 and/or October 4, 2024, the requested relief is [granted]."

A-1988-24

Plaintiff moved for reconsideration of the December 19, 2024 order, arguing for leniency "in light of the circumstances presented in this matter—the death of an expert, the death of [plaintiff's counsel's] law partner, and [plaintiff's] disability." AMC's opposition argued the motion was moot because the January 17, 2025 order dismissed the complaint with prejudice as to all defendants. It further noted plaintiff failed to meet any of the requirements in the October 3 and 4, 2024 orders, because she did not serve the expert report, pay the $300 sanction to AMC, or move to reinstate her complaint by the deadlines specified in the orders.

The court denied plaintiff's motion for reconsideration on January 31, 2025. The order explained:

> For all of the reasons set forth previously by this [c]ourt and those set forth in [d]efendant[ AMC]'s opposition, the motion for reconsideration is [denied]. The prejudice arising from [p]laintiff's constant undue delay in the prosecution of this action is palpable. Although [p]laintiff now seeks reconsideration of the [c]ourt's most recent [o]rder, she failed to submit any objection to the [o]rder, which [d]efendants submitted over a month ago. Plaintiff has not established that the interests of justice would be served by reconsideration of the December [o]rder dismissing this case with prejudice. Lawson v. Dewar, 468 N.J. Super. 128 (App. [D]iv. 2021). Indeed, under these circumstances, the interests of justice would be subverted if the court granted this motion.

7

II.

"[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion, a standard that cautions appellate courts not to interfere unless an injustice appears to have been done." Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995). We also review a trial judge's decision on whether to grant or deny a motion for reconsideration under Rule 4:49-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Kornbleuth v. Westover, 241 N.J. 289, 302 (2020) (quoting Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015)).

Our "[d]iscovery rules are designed 'to further the public policies of expeditious handling of cases, avoiding stale evidence, and providing uniformity, predictability[,] and security in the conduct of litigation.'" Abtrax Pharms., 139 N.J. at 512 (quoting Zaccardi v. Becker, 88 N.J. 245, 252 (1982)). "It necessarily follows, if such rules are to be effective, that the courts impose appropriate sanctions for violations thereof." Oliviero v. Porter Hayden Co., 241 N.J. Super. 381, 387 (App. Div. 1990).

Rule 4:23-2(b)(3) allows for the dismissal of a complaint "with or without prejudice" in response to a party's failure to comply with an order to provide discovery. Rule 4:37-2(a) likewise permits a court, in its discretion, to dismiss an action with or without prejudice based on plaintiff's failure to comply with an order. See Kohn's Bakery, Inc. v. Terracciano, 147 N.J. Super. 582, 584-85 (App. Div. 1977) (affirming a trial judge's discretion to impose sanctions for a violation of court rules or failure to obey a court order).

Dismissal with prejudice should be employed "only sparingly" and is "normally . . . ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party." Zaccardi, 88 N.J. at 253. "[T]he court should assess the facts, including the willfulness of the violation, the ability of plaintiff to produce the [evidence], the proximity of trial, and prejudice to the adversary . . . ." Casinelli v. Manglapus, 181 N.J. 354, 365 (2004).

Plaintiff argues the trial court abused its discretion in dismissing her complaint with prejudice because the report was only four days late and she could have proceeded without it.[3] She contends the court should have chosen a

_____

[3] Plaintiff's brief does not address her failure to comply with the other two provisions in the order.

lesser sanction of barring the report and expert at trial instead of a drastic remedy. She also avers the court erred in noting the five-day order was unopposed, because counsel's November 19, 2024 letter should have been considered an objection even though it did not mention the proposed order.

Having reviewed the procedural history of this case in light of our deferential standard of review, we are satisfied the court did not abuse its discretion by dismissing the complaint with prejudice and denying the motion for reconsideration. Even if plaintiff's November 19 letter were considered opposition to the five-day order, it would not have impacted the outcome of the matter because the letter only said the report was served upon receipt. The court's reasoned decision was not grounded solely in plaintiff's abject non-compliance with all three provisions of the October 3 and 4, 2024 orders, but also on her "constant undue delay" throughout the entirety of this case and the "palpable" prejudice that arose from her misconduct.

For the first time on appeal, plaintiff contends she could have proceeded without an expert report, and therefore the court erred in dismissing the complaint with prejudice. We decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated or

the matter concerns an issue of great public importance. <u>Nieder v. Royal Indem. Ins. Co.</u>, 62 N.J. 229, 234 (1973). Neither circumstance is present in this matter.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1988-24